29139.   PHŒNIX MUTUAL LIFE INSURANCE CO. *v.*
FEENEY.

DECIDED JUNE 17, 1942.

*Bryan, Middlebrooks & Carter,* for plaintiff in error.

*E. A. Wright, H. C. Holbrook,* contra.

BROYLES, C. J.   Mrs. Josie W. Feeney sued the Phœnix Mutual Life Insurance Company upon a policy of insurance, issued by the company upon the life of her husband James W. Feeney, in which she was named as the beneficiary.   She alleged that the policy was in force on March 15, 1940, the date of her husband's death, and sought recovery of the face amount of the policy less the indebtedness outstanding against the policy.   The company in its answer denied that the policy was in force on March 15, 1940, for the reason that on December 23, 1939, the total indebtedness, including accrued interest, outstanding against the policy exceeded the cash value of the policy, and that on February 5, 1940, notices were mailed by the company to the insured and the beneficiary notifying them that unless a repayment of the loans or payment of the interest thereon was made within thirty-one days from February 5, 1940, the insurance would lapse; that no such payments were made

within the thirty-one days, and that the policy, therefore, in accordance with its provisions, ceased and became void.

Upon the trial the undisputed evidence disclosed that on December 31, 1939, the indebtedness outstanding against the policy (including the interest on the loans which had accrued subsequently to July 17, 1939, the anniversary date of the policy) exceeded the cash value of the policy. The plaintiff contended that the company, in calculating the indebtedness against the policy, did not have the right to include the interest on the loans which had accrued subsequently to July 17, 1939, since such accrued interest was not due to be paid until July 17, 1940. That question was certified by this court to the Supreme Court, and that court held that the company did have the right to so include such accrued interest.

The provisions of the policy as to loans against it were as follows: "At any time while this policy is in force, upon its proper assignment and on its sole security the company will loan, at a rate not exceeding six per cent. per annum, any amount up to the limit secured by any cash value guaranteed hereunder or available by the rules of the company then in force. After the indorsement of the loan on the policy it will be returned to the party from whom it has been received. Any interest not paid in cash will be charged against this policy so long as the total indebtedness against it does not exceed the cash value hereunder. The loan may be repaid at any time while this policy is in force, but the nonpayment of loan or interest will not void this policy until the indebtedness to the company against this policy, with interest, shall equal or exceed the amount of the cash value hereunder, when this policy shall immediately cease and become void, but such termination shall not take effect until at least thirty-one days after the company has mailed notice of the same to the insured and assignee of record, if any, at their last-known post-office address." The plaintiff contends that the above-quoted provisions of the policy are ambiguous and conflicting and, therefore, should be construed most strongly against the company. We see no merit in this contention. The plaintiff further contends that the loan provisions of the policy set forth by the indorsement thereon are invalid. The petition set out the loan provisions, and the policy, introduced in evidence by the plaintiff, set them out, and no contention was made

in the pleadings or upon the introduction of evidence that the loan provisions were not binding. The contention is without merit.

The undisputed evidence showed that the company mailed to the insured on February 5, 1940, the following letter: "February 5, 1940. Mr. James W. Feeney, 132 Rumson Road, N. E., Atlanta, Georgia. Dear Sir: Policy 162,177. As you know, the loan interest on this policy has not been paid when due, on July 17, 1939. By means of the policy loan agreement contained in the contract, we have been able to continue your insurance in force by charging as an indebtedness against the policy a prorated amount of loan interest. However, under the provisions of the contract this can continue only as long as the debt against the policy does not exceed its cash value. In the case of the above-numbered policy, the debt exceeded the cash value on December 23, 1939. Unless the debt is reduced by payments or the cash value is increased by payment of the interest now due, within thirty-one days of the date of this notice, the policy will terminate at the end of such thirty-one days as provided in the policy loan agreement. This is a serious loss to you and we hope that you will permit us to co-operate with you in putting your policy back in full force." A similar letter addressed to the beneficiary at the same address was mailed by the company on the same date. The undisputed evidence further disclosed that the two letters were written to the insured and the beneficiary at their last-known post-office addresses, and that Jeanie S. Wales, an employee of the company, affixed the proper amount of postage on the envelopes containing the letters and mailed them. It was also shown by undisputed evidence that no payments were thereafter made to the company to decrease the indebtedness or to increase the cash value of the policy. The fact that in the above-quoted letters the company stated that the indebtedness, with interest, exceeded the cash value of the policy on December 23, 1939, and the company's undisputed evidence showed that such indebtedness exceeded the cash value of the policy on December 31, 1939, instead of on December 23, 1939, is immaterial. The material fact is, as shown by the undisputed evidence, that on February 5, 1940, when the notices were mailed to the insured and his beneficiary, the indebtedness against the policy was greater than its cash-surrender value. We can not agree with the plaintiff's contention that the notice given on February 5, 1940, was

vague, uncertain and indefinite. We think that the notice clearly, definitely, and unequivocally informed the insured and the beneficiary that the policy would terminate thirty-one days from February 5, 1940, unless the indebtedness was reduced by payments or the cash value was increased by payment of the interest due. The cases cited in behalf of the plaintiff are differentiated by their particular facts from this case.

The plaintiff further pleaded that certain acts and dealings of the defendant in connection with the insurance policy sued upon had "established a course of dealings between itself and the insured which estopped the defendant from thereafter, without notice to that effect, declaring said interest and loan in default and from voiding said policy." The only evidence introduced in support of this contention showed that on *one* occasion the Chattanooga branch office of the company, through an error, accepted a payment from the insured on November 22, 1939, about ten days subsequently to the thirty-one days of grace. The undisputed evidence showed that this act of the branch office was unauthorized and contrary to the rules of the company. However, if, by the acceptance of such payment, the company may have waived its right to declare the policy void before November 22, 1939, such acceptance on that single occasion could not establish a course of dealing which would prevent the company, thirty-one days after February 5, 1940, from insisting upon the terms of the policy and declaring the insurance terminated, when the indebtedness, including the accrued interest, exceeded the cash value of the policy, and when the insured and the beneficiary had been notified as required by the terms of the policy. In our opinion, a verdict for the defendant was demanded by the evidence, and the directed verdict for the plaintiff was error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*