30671. FEENEY *v.* PHŒNIX MUTUAL LIFE INSURANCE
COMPANY.

DECIDED OCTOBER 27, 1944. REHEARING DENIED NOVEMBER 10, 1944.

*E. A. Wright, H. C. Holbrook,* for plaintiff.
*Bryan, Carter & Ansley,* for defendant.

FELTON, J. This is the second appearance of this case in this court. See *Phœnix Mutual Life Insurance Co.* v. *Feeney,* 67 *Ga. App.* 457 (21 S. E. 2d, 106). Upon the reversal of the judgment rendered on the first trial the plaintiff amended her petition by alleging that the endorsement attached to the policy, quoted in the opinion (page 458), was not binding. The only reason urged why the endorsement was not binding which was not urged on the former trial was that the endorsement was not signed by the president, vice-president, or the secretary of the insurance company. The plaintiff tendered the insurance policy in evidence with the exception of the endorsement referred to. The court ruled that it would admit all of the policy or none. The plaintiff thereupon tendered the whole policy, stating that the endorsement was tendered under protest, and "objecting" to its admission in evidence. The court directed a verdict for the insurance company, and the plaintiff excepts to the overruling of her motion for a new trial.

The policy provided "that no one but the president, the vice-president, and the secretary of the company has any power to change said contract in any manner whatsoever." There was no evidence that one of these officers did not attach the endorsement to the policy. There is no requirement that an endorsement such as we are dealing with had to be signed by an officer. Moreover, the insured requested the endorsement, borrowed money on the policy on the strength of it, and received and retained the policy with the endorsement on it.

■ When the plaintiff introduced the policy (including the endorsement) in evidence, she acquiesced in the ruling of the court, and is estopped to raise the question that the endorsement was not admissible. She can not impeach her own evidence under such circumstances.

■ The other questions raised were adjudicated adversely to the plaintiff in error in the former decision by this court and can not be retried on this appeal. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*