41859. McCLURE v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

Argued March 7, 1966—Decided April 5, 1966.

*Dan S. Beeland, James H. Fort,* for appellant.

*Hatcher, Stubbs, Land & Rothschild, Albert W. Stubbs,* for appellee.

FELTON, Chief Judge. ■ The court did not err in rendering the summary judgment for the defendant under the first count. From the evidence before the trial judge it appeared that the policy of the insurance company was evidenced by a statement upon the company's premium receipt, premium notice, or notice of expiration of policy, where there were stated the three following propositions: "Payment within ten days after due date will renew your policy and provide continuous protection." "If payment is not made within ten days after due date, protection will be reinstated as of the date and time payment is postmarked." It was also the policy of the company to accept premiums within thirty-nine days of the expiration date of the policy but to provide continuous protection only if the premium was paid within ten days of the expiration date of the policy. Appellant contends that the company policy to provide continuous protection if the premium was paid within 10 days from the expiration date of the policy to be renewed constitutes a "grace" period. We think this position is untenable. There is no provision for a "grace" period in the policy. The policy of the company to provide continuous protection if the premium was paid within 10 days after the expiration date of the policy constituted an offer by the insurance company to the insured which required acceptance of the insured by the actual payment of the premium, or part thereof, possibly, in order to constitute a contract. There is no showing in this case whatsoever that the premium was paid or tendered to the insurance company within the 10-day period in which continuous protection could be procured. Neither is there any fraud alleged against the insurance company, nor any other fact, which in law could be said to have deterred the plaintiff from paying the premium within the said 10-day period. The rule which applies to an event's occurring within a "grace" period provided in an insur-

ance policy does not apply in such a case as this where there is no binding contract on the part of the insurance company to pay a loss occurring within the "grace" period. The situation in this case is that the insurance company offered the insured the opportunity to buy and pay for protection during the 10-day period by the actual payment of the premium. This offer the insured did not accept and it follows that the insurance company was not obligated to pay the loss under count 1.

■ The court did not err in granting a summary judgment for the defendant under count 2 of the petition. In the first place, this was a one-premium policy for a 12-month period which had expired. Construing the deposition of the plaintiff most favorably to her, she had had three policies of insurance with the defendant, one of which was the policy sued on and another was the policy issued to her on August 2, 1963, after the death of James McClure. This would mean that she could have had only one experience in paying a late premium to the defendant. The proof of one late payment is not sufficient to establish a custom which could result in the waiver of the requirement of prompt payment. 2 Couch on Insurance 6, § 32:391; *Phoenix Mutual Life Ins. Co. v. Feeney*, 67 Ga. App. 457, 460 (21 SE2d 106); *Sovereign Camp W. O. W. v. Whitaker*, 57 Ga. App. 418 (195 SE 584); 29A Am. Jur. 200, Insurance, § 1092; 45 CJS 679, Insurance, § 712; *Progressive Life Ins. Co. v. Reeves*, 89 Ga. App. 900, 903 (81 SE2d 519); *Davenport v. Metropolitan Life Ins. Co.*, 55 Ga. App. 553, 554 (190 SE 872). In addition to the above, in order for a late payment to be shown to have been waived the insured must show reliance upon the custom of the insurance company in receiving late payments. 2 Couch on Insurance 6, § 32:378; *Bankers Health &c. Ins. Co. v. Givvins*, 12 Ga. App. 378-380 (77 SE 203); *Life Insurance Co. of Va. v. Bartlett*, 37 Ga. App. 22, 23 (138 SE 589); 45 CJS 679, Insurance, § 712; 29A Am. Jur. 200, Insurance, § 1092. There is no showing in this case whatsoever as to reliance on any such custom.

■ The court did not err in granting a summary judgment for the defendant in count 3 of the petition. The policy issued on August 2, 1963, after the death of James McClure on July 26, 1963, was not retroactive, even assuming that it was a word-

for-word renewal of the first insurance policy, except that the last policy insured another automobile procured by the plaintiff in lieu of the one formerly insured, for the reason that the premium on this last policy was not paid within 10 days from the expiration of the original policy. We think that we have sufficiently covered this ground in our ruling as to the grant of the summary judgment in count 1.

The court did not err in rendering a summary judgment for the defendant insurance company and none of the other questions raised in the case needs be considered.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*