496 P.2d 267

Betty WICKES, Plaintiff and Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Defendant and Respondent.

No. 12598.

Supreme Court of Utah.

April 17, 1972.

Allan L. Larson, of Worsley, Snow & Christensen, Salt Lake City, for plaintiff and appellant.

David K. Winder, of Strong & Hanni, Salt Lake City, for defendant and respondent.

ELLETT, Justice:

The plaintiff and her husband were the named insureds in an automobile insurance policy which contained a provision that if a named insured should be killed while occupying an automobile, the defendant would pay to the beneficiary the sum of $10,000. Plaintiff's husband lost his life while occupying an automobile, and this action was commenced to recover on the policy. Summary judgment was granted to the defendant, and the plaintiff appeals.

The policy of insurance was for a period of six months with a provision for renewal of an additional six months if a premium was paid in advance on or before the expiration date of the policy. There was no grace period provided for in the policy. However, the defendant company had a standing offer to its policyholders that if the premium was paid within ten days after the policy had expired, it would renew the policy effective so as to afford continuous coverage. The company also had a standing offer to its policyholders that in case the policy terminated and was not renewed by paying the premium within ten days following the expiration date of the policy, it would renew the policy effective on the date of receipt of the advance premium, provided the same was received within 40 days after the expiration date of the policy and that the premium would be adjusted so that no charge would be made for the time when no coverage was afforded. The expiration dates for the policy in question were February 1 and August 1.

The original policy terminated February 1, 1969, and was reinstated on February 18, 1969, pursuant to the offer of the defendant. The premium was paid for the period February 18 to August 1, 1969, no charge

being made for the 18-day period when the policy was not in force.

On August 2, 1969, plaintiff's husband lost his life while occupying an automobile. The policy had by its terms terminated and would only be effective provided the premium was paid to the defendant on or before August 10, 1969.

The defendant's agent testified by deposition that he advised plaintiff's grown son who called him on the phone that if the premium was paid by August 10, 1969, the amount of the policy would be paid to the plaintiff. Notice of the date of expiration had been sent to the deceased and received by him prior to August 1, 1969. A second notice of expiration stating that the policy would be reinstated was mailed to the insureds on August 3, 1969. No premium was sent to the defendant within the 10-day period following the expiration date. However, a check dated August 13, 1969, was sent in an envelope bearing a postmark date of August 16, 1969, and was received August 18, 1969, by the defendant. A policy was written effective August 18, 1969, wherein pursuant to plaintiff's instruction the plaintiff and her daughter were the named insureds.

█ The plaintiff assigns three points of error. The first assignment is that the coverage in the automobile policy was "life insurance" and under the statute [1] must contain a 30-day grace period.

The answer to this claim is to be found in Section 31–11–6(2), U.C.A.1953 (Replacement Vol. 4), which reads:

Insurance against accidental death or accidental injury to persons while in, entering, alighting from, adjusting, repairing, cranking, or caused by being struck by a vehicle, or aircraft, when such insurance is issued as part of insurance on the vehicle, or aircraft, shall be deemed to be vehicle insurance.

█ The next claim of error is based upon a contention that any loss occurring within ten days after the expiration of the policy is covered by the policy whether or not the premium is paid.

The 10-day period is not a grace period during which the policy remains in force. It is a period during which the insured can reinstate the policy so as to relate back to the expiration date but only on condition that the premium be received within the 10-day period following the expiration date of the policy.

The question of coverage for ten days following the period covered by the policy has been before the courts for decision. The case of McClure v. State Farm Mutual Automobile Ins. Co., 113 Ga.App. 467, 148 S.E.2d 475 (1966), was identical to the instant matter. There the policy expired July 18; the insured was killed July 26; and the premium for renewal was paid

. 1. Sec. 31–22–2, U.C.A.1953 (Replacement Vol. 4).

August 2. In affirming summary judgment for the defendant, the appellate court said:

. . . Appellant contends that the company policy to provide continuous protection if the premium was paid within 10 days from the expiration date of the policy to be renewed constitutes a "grace" period. We think this position is untenable. There is no provision for a "grace" period in the policy. The policy of the company to provide continuous protection if the premium was paid within 10 days after the expiration date of the policy constituted an offer by the insurance company to the insured which required acceptance of the insured by the actual payment of the premium, or part thereof, possibly, in order to constitute a contract. There is no showing in this case whatsoever that the premium was paid or tendered to the insurance company within the 10 day period in which continuous protection could be procured. Neither is there any fraud alleged against the insurance company, nor any other fact, which in law could be said to have deterred the plaintiff from paying the premium within the said 10 day period. The rule which applies to an event's occurring within a "grace" period provided in an insurance policy does not apply in such a case as this where there

is no binding contract on the part of the insurance company to pay a loss occurring within the "grace" period. The situation in this case is that the insurance company offered the insured the opportunity to buy and pay for protection during the 10 day period by the actual payment of the premium. This offer the insured did not accept and it follows that the insurance company was not obligated to pay the loss under count 1.

A like holding was made in the case of State Farm Mutual Automobile Ins. Co. v. Robison, 11 Ariz.App. 41, 461 P.2d 520 (1969), wherein the court stated:

No grace period exists unless there is either a statutory provision or a provision in the contract of insurance. [Citation omitted.] Here, the policy did not provide for a grace period and the Arizona statutes require none. Mrs. Robison's loss, therefore, cannot be construed as one occurring during a "grace" period.

In the instant matter neither the policy as written nor any statute provides for a grace period.

The provisions of an insurance policy must be enforced as written, and they cannot be changed or modified in favor of the insured except by a writing signed by the insurer.[2] No such writing was ever

2. Sec. 31-19-26, U.C.A.1953 (Replacement Vol. 4); Barnett v. State Automobile & Casualty Underwriters, 26 Utah 2d 169, 487 P.2d 311 (1971).

# 354

made by the defendant, and, therefore, the provisions of the policy must govern the decision in this case. The policy had expired on August 1, 1969, and was not pursuant to its terms reinstated.

■ The third claim of error is that the trial court should have ruled that by the acceptance of the premium by the defendant after notice of loss it waived the provision of timely payment.

The premium was not paid within ten days after lapse of the policy; hence the policy by its terms was not effective until the date when the premium was received by the defendant. The 40-day provision of the policy governs here, and the policy only became effective August 18, 1969, at which time the plaintiff and her daughter were the named insureds. The deceased husband was not intended by either plaintiff or defendant to be covered by the new policy and, of course, plaintiff cannot recover under the new policy for his death.

It is to be regretted that a $10,000 policy was not reinstated by the simple expedient of paying a $48 premium within the 10-day period following termination of the policy. The trial judge, however, was under a duty to enforce the policy according to its terms, not to make new terms in order to relieve the plaintiff from a default.

We think he ruled correctly and, therefore, affirm the judgment. No costs are awarded.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.