587 P.2d 1205 (1978)
Virginia THOMASON, Plaintiff,
v.
Diana Kay SCHNORR, Defendant and Third-Party Plaintiff-Appellant,
v.
George PRAST, d/b/a Prast Insurance Agency and Farmers Alliance Mutual Insurance Company, a Kansas Corporation, Third-Party Defendants-Appellees.
No. 78-699.
Colorado Court of Appeals, Div. III.
November 30, 1978.
*1206 Donald A. Brenner, Denver, for defendant and third-party plaintiff-appellant.
Anstine & Hill, Ronald C. Hill, Denver, for third-party defendant-appellee Farmers Alliance Mut. Ins. Co.
Yegge, Hall & Evans, Fredric A. Ritsema, Denver, for third-party defendant-appellee George Prast.
PIERCE, Judge.
Diana K. Schnorr was sued in connection with an automobile accident in which she was involved, and she brought this third party complaint against George Prast and Farmers Alliance Mutual Insurance Company, alleging that she had a valid automobile liability insurance policy on the date of the collision. The district court granted summary judgment in favor of both Prast and Farmers, and Schnorr appeals. We affirm.
In November of 1975, Prast procured for Schnorr an insurance policy from Farmers, covering the three month period from November 3, 1975 to February 3, 1976. On April 7, 1976, Schnorr was involved in an automobile accident with Virginia Thomason, precipitating Thomason's negligence action against Schnorr, and Schnorr's third party complaint against Prast and Farmers. The parties stipulated that Farmer sent three notices to the policy address for Schnorr, informing her that the policy was expiring. They also stipulated that at least one of these notices was received by Schnorr before January 19, 1976, that in response to this notice Schnorr mailed a check for her premium "sometime around January 19, 1976," and that this check was never received by Prast or Farmers.
The first notice, captioned "Notice Renewal Premium," is undated, shows that the policy expires on February 3, 1976, and states that "payment of premium by due date will renew your insurance" for another three month period. The second notice, dated January 27, 1976, and captioned "Final Renewal Premium Notice" again shows the amount due and the expiration date, and states that "coverage will be continued for the policy period if the premium shown in total payment is received by the due date shown." (emphasis added) The last notice, dated February 13, 1976, indicates that the policy has expired and that coverage was not renewed because of Schnorr's failure to pay the premium.
These notices discharged Farmers' and Prast's statutory duty to inform Schnorr of the decision not to renew coverage. Section 10-4-604, C.R.S.1973.
Moreover, contrary to Schnorr's argument, the mailing of the premium payment before the expiration date was not sufficient to renew coverage. We are unaware of any Colorado decisions on the question of whether, in the absence of an express agreement on the matter, an insured is deemed to have effectively paid a premium when he does no more than deposit the payment in the mails. However, the general rule followed in other jurisdictions is that such mailing is insufficient, and that the premium is not "paid" until it is received by the insurer, unless by a prior course of dealing the insurer has acquiesced in the use of the mails and has thereby adopted the postal authorities as its agents. See, e. g., Minnick v. State Farm Mutual Automobile Insurance Co., 4 Storey 125, 54 Del. 125, 174 A.2d 706 (1961); Bankers National Life Insurance Co. v. Cooper, 111 N.J.Super. 264, 268 A.2d 78 (1970).
Here, there is nothing in the complaint or in the stipulated facts indicating that Farmers or Prast ever intended, or caused Schnorr to believe they intended, that mailing alone would be sufficient. Cf. Bankers National Life, supra. Indeed, one of the notices sent by Farmers expressly stated that payment would have to be received before coverage would be renewed. Under these circumstances, the risk of postal loss was on Schnorr, and in view of the stipulation that the premium check was never received by Farmers, the district court's summary judgment was proper.
Judgment affirmed.
RULAND and STERNBERG, JJ., concur.