BRIAN D. SAMPSON ET AL., APPELLEES, V. STATE FARM
MUTUAL INSURANCE COMPANY, A CORPORATION,
APPELLANT.

286 N. W. 2d 746

Filed January 3, 1980. No. 42450.

Healey, Brown, Wieland & Kluender, for appellant.

Kent F. Jacobs of Blevens, Blevens & Jacobs, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This is an action to recover damages under the collision coverage provisions of an automobile insurance policy. The insurance company denied coverage for nonpayment of premium. The action was tried to the court, jury trial having been waived. The District Court entered judgment for the value of the automobile, less salvage, and an attorney's fee. The insurance company has appealed.

In March 1975, plaintiffs purchased an automobile insurance policy from an agent of the defendant insurance company. The policy included collision

coverage. The policy period was for 6 months, March 27, 1975, to September 27, 1975, and for succeeding policy periods of 6 months each thereafter if the required renewal premium was paid by the plaintiffs on or before the expiration of the current policy period. The insurance company agreed to renew the policy for each succeeding policy period at then current rates until it gave 30 days written notice before the expiration of a current policy period of its intention not to renew. Renewal agreements by the insurance company were void if the plaintiffs failed to discharge, when due, any obligations in connection with the payment of premium for the policy or any installment thereof. Plaintiffs were billed for renewal premium at 6-month intervals, and premiums were paid for succeeding periods to and including the policy period of March 27, 1976, to September 27, 1976. No new policies were issued.

Approximately 30 days before September 27, 1976, the stated expiration date of the current policy period, the insurance company sent a premium notice to the plaintiffs, which plaintiffs admitted was received. The notice stated that it was the only notice the plaintiffs would receive prior to the date the premium was due, and that payment of the premium by the due date would continue the policy in force. Three days after the expiration date an expiration notice was mailed to plaintiffs, advising them that coverage had expired but that if payment was made within 10 days after the expiration date the policy would be reinstated and there would be continuous coverage, but that if paid thereafter the plaintiffs would be advised if payment had been accepted for reinstatement. Plaintiffs also admitted receiving the expiration notice in early October 1976.

On October 15, 1976, the plaintiffs' automobile was demolished by collision while being driven by an employee. The value of the vehicle immediately before the accident was $5,000 and it was a total loss except

for $200 salvage value.

The plaintiffs transmitted a renewal premium payment to the insurance company in an envelope postmarked October 16, 1976. On October 20, 1976, the insurance company acknowledged receipt of the payment and advised plaintiffs that the policy had expired on September 27, 1976, for nonpayment of the premium. The letter also advised plaintiffs that since the remittance was postmarked October 16, 1976, the policy was reinstated effective October 17, 1976, at 12:01 a.m., and was therefore not in force for a period of 20 days. A refund check was enclosed for the 20-day period. The company denied coverage for the accident of October 15, 1976.

The trial court held that the contingent offer of the insurance company to continue coverage for the plaintiffs for a period of 10 days after the stated expiration date if the premium was paid in that time resulted in the reinstatement of the policy, even though the plaintiffs did not accept the offer by payment within the stated time. The court therefore determined that a notice of cancellation in the manner provided by law was required before coverage could be terminated. The District Court entered judgment for the amount of the loss and an attorney's fee, and the insurance company has appealed.

The insurance company contends that under the terms of the insurance policy, the policy expired on September 27, 1976, for nonpayment of premiums. The company also contends that its offer to reinstate the policy, contingent upon plaintiffs paying the premium within 10 days after September 27, 1976, was never accepted by the plaintiffs and had no effect on the rights of the parties under the policy. The plaintiffs, on the other hand, contend that the offer of reinstatement created an automatic renewal of the policy and that, even though the plaintiffs did not pay the premium within the time specified, the insurance company was required to give notice of can-

cellation or notice of intention not to renew under the statutory insurance provisions covering automobile insurance policies. We disagree.

By the express terms of the insurance policy involved here, the policy expired on September 27, 1976, due to nonpayment of premium by the plaintiffs. Plaintiffs tacitly concede that fact, but argue that defendant's offer to reinstate the policy if the premium was paid within 10 days after expiration constituted an automatic reinstatement of coverage, and brought into play statutory provisions requiring notice of cancellation or refusal to renew. The language of the policy is not ambiguous in any respect, nor was the language of the offer to reinstate. This court has held that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in plain, ordinary, and popular sense. Where the language is plain and unambiguous, the court will not read an ambiguity into the language in order to construe it against the one who prepared the contract. Cordes v. Prudential Ins. Co., 181 Neb. 794, 150 N. W. 2d 905.

Plaintiffs contend that under the Nebraska statutes requiring notice of cancellation for nonpayment of premium and notice of an intention not to renew an automobile insurance policy, the insurance company, by offering to reinstate the policy upon payment of the premium, became subject to the notice requirements of the statutes.

Section 44-516, R. R. S. 1943, requires at least 10 days notice of cancellation where the cancellation is for nonpayment of premium. That section, by its terms, does not apply to nonrenewal. There was no cancellation of the policy in this case. If no offer to reinstate the policy had been made, the policy would have expired by its own terms. Section 44-516, R. R. S. 1943, requiring notice of cancellation for nonpay-

ment of premium, applies only to a cancellation by the unilateral action of the insurer before the end of the policy term. It does not apply to an automatic termination by expiration of the policy period.

Section 44-517, R. R. S. 1943, provides that no insurer shall refuse to renew a policy unless it gives 20 days advance notice of its intention not to renew. The section, by its terms, does not apply if the insurer has manifested its willingness to renew nor in case of nonpayment of premium. Obviously, the section is not applicable here.

The plaintiffs rely upon the case of State Farm Mut. Auto. Ins. Co. v. Brown, 40 Cal. App. 3d 385, 115 Cal. Rptr. 213. The statutory language applicable there differs in degree from the Nebraska statutes, and we are not persuaded by the reasoning which supports that case.

The holding in Farmers Ins. Co. v. Hall, 263 Ark. 734, 567 S. W. 2d 296, which is almost on all fours with the case now before us, sets out the rules applicable here. The court said: "Appellant had no obligation to offer to renew the policy. The terms of the offer to renew were clear and unambiguous. They were not met. The 'grace period' provided by it passed without the offer having been accepted. There was nothing whatever to indicate that the grace period would be extended. There was nothing in the policy or the governing law to require a revocation of the offer. It expired by its own terms. The offer clearly stated that if the payment was not made within 15 days, i.e., by January 18, the insurance would expire as of the due date, i.e., January 3. This is the usual and ordinary effect of failure to pay a premium within a grace period. The policy simply lapsed because of appellee's failure to accept the offer to renew by payment or tender of payment within the time allowed. McClure v. State Farm Mutual Automobile Ins. Co., 113 Ga. App. 467, 148 S. E. 2d 475 (1966). * * * The payment by appellee

after expiration of the policy term and after expiration of the offer to renew could only have the effect of providing coverage from the date of its acceptance by the company. See Blashfield, Automobile Law and Practice, Vol. 7, § 293.2 (pocket part); Bek v. Zimmerman, 285 Mich. 224, 280 N. W. 741 (1938)."

For the reasons given the judgment of the District Court is reversed and the action is dismissed.

REVERSED AND DISMISSED.