**Nancy SHELLY, Plaintiff,**

v.

**Donald STRAIT, Defendant and Third-Party Plaintiff-Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, Third-Party Defendant-Appellee.**

No. 80CA0829.

Colorado Court of Appeals,
Div. II.

June 18, 1981.

Rehearing Denied July 16, 1981.

Certiorari Denied Oct. 5, 1981.

Berenbaum & Berenbaum, Peter R. Bornstein, Charles A. Bewley, Denver, for defendant and third-party plaintiff-appellant.

DeMoulin, Anderson, Campbell & Laugesen, Laird Campbell, Denver, for third-party defendant-appellee.

PIERCE, Judge.

Third-party plaintiff, Donald Strait, appeals a declaratory judgment in favor of third-party defendant, State Farm Mutual Automobile Insurance Company. We affirm.

Strait was insured by State Farm under an automobile insurance policy in effect from October 1, 1977, until April 1, 1978. In early March 1978, Strait received a premium notice showing the amount due to continue the policy in effect for the six months running from April 1, 1978. The notice stated that the renewal premium would be due on April 1, 1978. Strait did not pay the premium by that date and received an expiration notice mailed by State Farm on April 5, 1978, which informed him that he would have continuous coverage under the policy if the premium was paid within 10 days after April 1, 1978. Through inadvertence, Strait did not make a premium payment within that time period.

On April 11, 1978, Strait was involved in an automobile accident which eventually resulted in the filing of a lawsuit against him. The following day, he informed State Farm of the accident and mailed a check for the premium. The insurer notified him that it would reinstate the policy for the next six month term, excluding the period from April 1, 1978, through April 11, 1978. It sent Strait a premium receipt and a refund check for the excluded period. He did not cash the check.

Strait argues that he is entitled to coverage under his insurance policy for the April 11, 1978 accident, by virtue of the policy terms and § 10–4–603, C.R.S.1973, which both require 10 days advance notice of cancellation for non-payment of premiums. We disagree.

The insurance policy expired by its own terms on April 1, 1978. The notice provisions pertaining to cancellation set out in the policy itself and in § 10–4–603, C.R.S. 1973, apply to unilateral cancellation by the insurer and do not pertain to policy expiration. The policy expired when the premium was not paid on its due date, *see Thomason v. Schnorr*, 41 Colo.App. 546, 587 P.2d 1205 (1978), and was not reinstated when the insured failed to pay the premium within the allotted extension period. *Sampson v. State Farm Mutual Insurance Co.*, 205 Neb. 164, 286 N.W.2d 746 (1980).

The company was within its rights in reinstating the policy with an effective date of April 12, 1978, and in denying coverage for the loss sustained on April 11, 1978. *Sampson v. State Farm Mutual Insurance Co., supra; McClure v. State Farm Mutual Automobile Insurance Co.*, 113 Ga.App. 467, 148 S.E.2d 475 (1966).

We have examined third-party plaintiff's other contentions of error and find them to be without merit.

The judgment is affirmed.

VAN CISE and KELLY, JJ., concur.