2014 JUL -7 AM 9: 47


IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SETH LAYMAN and MOLLY LAYMAN, husband and wife, | ) ) ) | No. 70540-7-I |
| Appellants, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| 21st CENTURY NORTH AMERICA INSURANCE CO.; and FARMERS INSURANCE COMPANY OF WASHINGTON, | ) ) ) ) ) | UNPUBLISHED OPINION

FILED: July 7, 2014 |
| Respondents. | ) ) ) | |

LEACH, J. — Seth and Molly Layman appeal the trial court's summary dismissal of their claims against 21st Century North America Insurance Company. They raise multiple issues, including a claim that 21st Century failed to inform them properly about renewal of their automobile insurance as required by RCW 48.18.292. Because the Laymans have demonstrated a genuine issue of material fact about whether they agreed to receive policy renewal communications from 21st Century through its paperless delivery system, the trial court erred in granting summary judgment. We reverse.

FACTS

The Laymans first purchased auto insurance from 21st Century in July 2008. In May 2010, they renewed this policy, effective July 3, 2010, through January 3, 2011. The insurance policy included this provision:

> C. Automatic Termination
> 1. If we offer to renew or continue your policy and you or your representative do not accept by making timely payment of the premium due, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

21st Century offers its policyholders a paperless delivery system. A policyholder can elect to receive policy, billing, and/or correspondence documents through this system. A policyholder participating in the system affirmatively chooses which categories of documents to receive electronically and does not receive the selected categories of documents through the United States Postal Service, unless required by law or unless 21st Century needs to deliver physical documents, such as an insurance identification card.[1] To access electronically delivered documents, a policyholder must log onto a 21st Century website. 21st Century does not send the documents directly to the policyholder, either as an attachment to an e-mail or otherwise.

On November 17, 2010, Molly Layman enrolled in 21st Century's paperless delivery system. As explained more fully later in this opinion, the

---

[1] 21st Century mailed an insurance identification card to the Laymans.

-2-

parties dispute which categories of documents she elected to receive electronically. The Laymans never logged into the paperless delivery system between November 17, 2010, and February 24, 2011.

On December 1, 2010, 21st Century processed and posted to its web site a policy renewal offer to the Laymans for the period January 3, 2011, through July 3, 2011. This document required the Laymans to pay a $494.12 renewal payment before January 3, 2011, to avoid expiration of their policy. Once 21st Century posted the renewal offer, the paperless system automatically generated, on December 2, 2010, a generic e-mail to the Laymans notifying them that documents were available on line for their review. The e-mail provided no information about the nature of these documents and contained no reference to the subject of policy renewal. At the same time, 21st Century mailed an insurance identification card to the Laymans as part of this renewal offer. The Laymans received the identification card, but the record is silent about what information, if any, 21st Century provided with it.

On January 7, 2011, after receiving no renewal premium, 21st Century processed and posted to its web site a second billing invoice. This document notified the Laymans that their policy had expired for failure to pay the renewal premium. It also notified the Laymans that they could avoid a lapse in coverage if 21st Century received the premium before January 26, 2011. 21st Century

sent an e-mail to the Laymans on January 8, 2011, indicating that documents were available online for review. As with the earlier e-mail, this one provided no information about the nature of these documents and contained no reference to the subject of policy renewal. 21st Century received no renewal premium.

On February 23, 2011, the Laymans' son was involved in a motor vehicle accident. The other driver's insurance company filed a claim with 21st Century on February 24, 2011. In a letter mailed to the Laymans' home dated February 25, 2011, 21st Century denied the claim, stating, "Our records reveal and investigation confirms your policy cancelled for nonpayment of premium effective January 3, 2011. Therefore, since the cancellation was prior to the loss, we will be unable to consider any claims made by or against you as a result of this loss."[2]

On March 2, 2011, the Laymans complained to the Washington State Office of the Insurance Commissioner about the denial of the insurance claim. 21st Century responded to this complaint, asserting, "Mrs. Layman signed up for the paperless system and in doing so agreed to receive policy notifications via

---

[2] After 21st Century notified the other driver's insurance company that no coverage was available, that insurance company sought payment from the Laymans directly. The Laymans have not paid the claim. We note that although both the insurance policy and the legislature use the British spelling, "cancellation," we use the American English spelling, "cancelation."

e-mail." The Office of the Insurance Commissioner found no violation of the Washington insurance regulations, explaining,

> [21st Century] has provided a brief chronology of the handling of your account. They have concurred that you switched your account to paperless billing, policy and correspondence on November 17, 2010. The company sent you an email that advised that those items would now be sent electronic paperless. The company sent a notice that you had electronic documents to view in your account. The company included copies of the policy renewal notice, reminder and notice that your policy had expired effective 1-3-11.
>
> The company is maintaining the denial of coverage for your accident as your policy was not in force at the time of the accident.

On February 29, 2012, the Laymans filed this lawsuit against 21st Century. They requested a declaration that 21st Century's paperless delivery system did not satisfy the notice requirements of RCW 48.18.291 for policy cancelation and that 21st Century's policy provided coverage for the February 23, 2011 claim. They also asserted claims for breach of contract, violation of the Consumer Protection Act,[3] violation of the Insurance Fair Conduct Act,[4] and bad faith.[5]

---

[3] Ch. 19.86 RCW.

[4] Ch. 48.30 RCW.

[5] 21st Century removed this action to federal court. At the close of discovery, the parties filed cross motions for summary judgment. On March 12, 2013, the United States District Court for the Western District of Washington remanded the case to state court for lack of subject matter jurisdiction. The court concluded that the disputed coverage amount was $15,000. 21st Century failed to show by a preponderance of the evidence that the amount in controversy exceeded $75,000.

The parties filed cross motions for summary judgment. The trial court denied the Laymans' motion for partial summary judgment and granted 21st Century's motion for summary judgment, dismissing the case with prejudice.[6]

The Laymans appeal.

## STANDARD OF REVIEW

We review summary judgment orders de novo, engaging in the same inquiry as the trial court.[7] Summary judgment is proper if, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[8] A genuine issue of material fact exists if reasonable minds could differ about the facts controlling the outcome of the litigation.[9]

In reviewing summary judgment orders, we consider supporting affidavits and other admissible evidence based upon the affiant's personal knowledge.[10] A party opposing a motion for summary judgment may not rely upon speculation, argumentative assertions that unresolved factual issues remain, or its affidavits

---

[6] The court awarded no costs or attorney fees.

[7] Michak v. Transnation Title Ins. Co., 148 Wn.2d 788, 794, 64 P.3d 22 (2003).

[8] CR 56(c); Michak, 148 Wn.2d at 794-95.

[9] Martin v. Dematic, 178 Wn. App. 646, 653, 315 P.3d 1126 (2013) (citing Hulbert v. Port of Everett, 159 Wn. App. 389, 398, 245 P.3d 779 (2011)), review granted, 180 Wn.2d 1009 (2014).

[10] Int'l Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co., 122 Wn. App. 736, 744, 87 P.3d 774 (2004).

considered at face value.[11] Rather, the nonmoving party must set forth specific facts that sufficiently rebut the moving party's contentions and disclose that a genuine issue of a material fact exists.[12]

The denial of a summary judgment "has no preclusive effect on further proceedings . . . . It does not end proceedings, but rather permits them to proceed. The denial of a summary judgment motion is not a final order that can be appealed."[13]

## ANALYSIS

The trial court accepted 21st Century's argument that it had fully complied with the statute it claimed controls this case, RCW 48.18.292, titled "Refusal to renew private automobile insurance by insurer—Change in amount of premium or deductibles." (Boldface omitted.) The Laymans make 11 assignments of error to the dismissal of their claims. These include claims that (1) RCW 48.18.291 instead of RCW 48.18.292 applies, (2) 21st Century cannot comply with RCW 48.18.292 by electronic delivery of documents, and (3) the record shows a genuine issue of material fact about what documents the Laymans agreed to

---

[11] Herman v. Safeco Ins. Co. of Am., 104 Wn. App. 783, 787-88, 17 P.3d 631 (2001) (quoting Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986)).

[12] Herman, 104 Wn. App. at 788 (quoting Seven Gables, 106 Wn.2d at 13).

[13] In re Estate of Jones, 170 Wn. App. 594, 605, 287 P.3d 610 (2012) (citing Zimny v. Lovric, 59 Wn. App. 737, 739, 801 P.2d 259 (1990)); Roth v. Bell, 24 Wn. App. 92, 104, 600 P.2d 602 (1979)); RAP 2.2(a).

receive electronically. Because we agree with the Laymans that the record shows a genuine issue of material fact about what documents they agreed to receive electronically, we reverse and remand without deciding many of the issues they present.

As a threshold matter, we agree with 21st Century that RCW 48.18.292 instead of RCW 48.18.291 applies to this case.

RCW 48.18.291(1) states:

A contract of insurance predicated wholly or in part upon the use of a private passenger automobile may not be terminated by cancellation by the insurer until at least twenty days after mailing written notice of cancellation to the named insured at the latest address filed with the insurer by or on behalf of the named insured, accompanied by the reason therefor. If cancellation is for nonpayment of premium, or is within the first thirty days after the contract has been in effect, at least ten days['] notice of cancellation, accompanied by the reason therefor, shall be given. In case of a contract evidenced by a written binder which has been delivered to the insured, if the binder contains a clearly stated expiration date, no additional notice of cancelation or nonrenewal is required.[14]

In Safeco Insurance Co. v. Irish,[15] the court explained that the term "cancellation" "refers to a unilateral act of the insurer terminating coverage during the policy term." The court determined that neither RCW 48.18.291 nor insurance policy provisions addressing cancelation applied to a situation where

---

[14] The Laymans do not allege that 21st Century unilaterally refused to renew their insurance contract either under the terms of the policy or under RCW 48.18.292(1)(a).

[15] 37 Wn. App. 554, 558, 681 P.2d 1294 (1984).

the insured fails to pay a premium as a condition of renewal.[16] The court held, "Thus, the general rule is that failure of an insured to pay a renewal premium by the due date results in a lapse of coverage as of the last day of the policy period."[17]

The court in Irish held that RCW 48.18.292(1)(b) governs situations involving nonrenewal of continuous private automobile insurance.[18] This provision states,

> Each insurer shall be required to renew any contract of insurance subject to RCW 48.18.291 unless one of the following situations exists:
> . . . .
> (b) At least twenty days prior to its expiration date, the insurer has communicated its willingness to renew in writing to the named insured, and has included therein a statement of the amount of the premium or portion thereof required to be paid by the insured to renew the policy, including the amount by which the premium or deductibles have changed from the previous policy period, and the date by which such payment must be made, and the insured fails to discharge when due his or her obligation in connection with the payment of such premium or portion thereof.[19]

---

[16] Irish, 37 Wn. App. at 558 (citing Shelly v. Strait, 634 P.2d 1017 (Colo. App.1981); Sampson v. State Farm Mut. Ins. Co., 205 Neb. 164, 286 N.W.2d 746 (1980); Farmers Ins. Co. v. Hall, 263 Ark. 734, 567 S.W.2d 296, (1978); Sereno v. Lumbermens Mut. Cas. Co., 132 Ariz. 546, 647 P.2d 1144 (1982)). Irish's insurance provision governing cancelation stated, "AUTOMATIC TERMINATION. If we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean that you have not accepted our offer." Irish, 37 Wn. App. at 556 (emphasis omitted).

[17] Irish, 37 Wn. App. at 558 (citing Thomason v. Schnorr, 41 Colo. App. 546, 587 P.2d 1205 (1978)).

[18] Irish, 37 Wn. App. at 558.

[19] RCW 48.18.292(1)(b).

The Laymans argue, "When the 21st Century Claim Manager was questioned on the reasons why 21st Century denied this claim, he specifically disclaimed non-renewal as a basis for the denial, reiterating that it was canceled by the insurer for non-payment of the premium." They claim, "21st Century now argues that the Laymans 'elected' not to renew their policy, and that 21st Century's conduct should be evaluated under RCW 48.18.292. . . . 21st Century should be estopped from making this argument." The record indicates that the claim manager testified in a deposition, in response to a question about the reason for denying the insurance claim, "The letter says the policy canceled for nonpayment of a premium."

Although the letter and the claim manager used the term "canceled," the purpose of the letter was to notify the Laymans that (1) they did not accept 21st Century's offer to renew their automobile insurance policy, (2) the policy lapsed, and (3) 21st Century would not cover the loss, which occurred after the automatic termination date. This case involves the Laymans' failure to renew the insurance contract by failing to pay the premium by the due date, not cancelation. No evidence shows that 21st Century terminated the coverage unilaterally during the policy term.

As the moving party, 21st Century has the initial burden of showing that it complied with RCW 48.18.292 when it did not renew the Layman policy. To

meet this burden, 21st Century presented to the trial court evidence that it claimed established as a matter of law the Laymans' consent to receive policy renewal information electronically and the electronic delivery of that information. This evidence consisted of the declaration of Diana Yeager, a 21st Century employee, and various attachments to her declaration.

Ms. Yeager stated that the Laymans "elected to receive policy documents, billing documents, and correspondence documents via the paperless delivery system, as shown in their paperless delivery system history." To support this assertion Ms. Yeager identified and described four documents attached to her declaration. The first, a chronological log titled "Paperless Delivery CSR Interface," has four columns, labelled "Date," "Action," "CSRID," and "Comments." Under the action heading, it contains a brief summary of each policyholder action. This is the only document in the record purporting to show which documents Molly Layman elected to receive electronically. It has four entries for November 17, 2010. The first reads, "Customer elects to suppress billing documents paper mailings," and a second reads "Customer elects to suppress policy paper mailings." The third reads, "Customer enrollment with a prerequisite of accepting policy Terms and Conditions" and the fourth reads, "Customer elects to suppress correspondence documents paper mailings."

The second and third attachments are screen shots of specimen pages from 21st Century's web site purporting to illustrate the forms completed by a policyholder enrolling in the paperless delivery system. The page illustrated by the second attachment allows the policyholder to select the categories of documents to be received electronically by checking a box next to each of three categories, "Policy," "Billing," and "Correspondence." The record does not contain any copies of these forms as completed by Molly Layman. Ms. Yeager described the process for completing these forms to illustrate her testimony about how Ms. Layman enrolled in 21st Century's paperless system.

The fourth attachment is a copy of "Paperless Terms and Conditions," which includes the following provisions pertinent to the parties' arguments:

> Which documents will I receive electronically?
> You will only receive the categories of documents that you have elected to receive electronically. There may be some documents that we cannot deliver electronically due to legal and technological constraints in your state. These documents will be delivered to you via USPS to your postal address.
>
> How do I access my documents?
> Your bills are sent to you via e-mail and provide the option to pay online (login required) or over the phone (via our Automated Billing System). If you have selected the documents and bills option, we will send you an e-mail message with a link to our Web site when new documents are available to review, print, or save to your computer. It is your responsibility to log in to our Web site to view your documents.

To controvert 21st Century's contention that Molly Layman elected to receive all three categories of documents electronically by checking all three

boxes, the Laymans provided the trial court with excerpts from a transcript of Molly Layman's deposition testimony. She testified that she only checked the box for "Correspondence" and not the boxes labelled "Policy" or "Billing" when completing the form shown in attachment 2 to Yeager's declaration.

21st Century offers the following argument why Molly Layman's testimony does not create a disputed issue of fact.

> Although the Laymans claim they only elected to receive "correspondence" documents via the 21st Century paperless delivery system, their contention is contrary to the unrebutted testimony of how enrollment in the paperless delivery system works and the documented elections that the Laymans made with respect to the enrollment process. The Laymans provide no documentary evidence that they only signed up to receive correspondence documents via the paperless delivery system, and they cannot provide competent testimonial evidence because they admit that they never logged on to the system to confirm their delivery elections or review the documents they were sent.

21st Century offers no explanation why Molly Layman's deposition testimony is not competent testimonial evidence of which boxes she did and did not check when she enrolled in the paperless delivery system. 21st Century cites no authority for its claim that the Laymans must produce documentary evidence to dispute how Molly Layman completed the electronic form. We assume that 21st Century searched and found none. We find 21st Century's contention somewhat ironic when, as the party with the burden of proving the contents of that completed form, it has not produced a copy.

21st Century relies upon the claimed consent of the Laymans to justify its purported compliance with the requirements of RCW 48.18.292 with electronic

documents. Because the record demonstrates a genuine issue of fact as to whether the Laymans provided this consent, the trial court erred by granting summary judgment. In view of our resolution of this issue, we do not reach the remaining issues raised by the Laymans, including whether the requirements of RCW 48.18.292 can be satisfied with electronic documents.[20]

The Laymans have requested attorney fees and damages under Olympic Steamship Co. v. Centennial Insurance Co.,[21] RCW 48.30.015, and RCW 19.86.090. Because neither party has yet prevailed in this case, this request is premature.

## CONCLUSION

Because the Laymans raised a genuine of material fact about which documents they agreed to receive electronically from 21st Century, we reverse and remand for further proceedings consistent with this opinion.

_Leach, J._

WE CONCUR:

_Verellen, A.C.J._

_Dwyer, J._

---

[20] Neither party has addressed the applicability of 15 USC § 7001 to this issue.

[21] 117 Wn.2d 37, 53-54, 811 P.2d 673 (1991).

-14-