### FEDERAL KEMPER INSURANCE COMPANY

v.

### Phillip C. PRESTON, et al.

### Civ. No. 3–81–168.

United States District Court,
E. D. Tennessee, N. D.

June 1, 1981.

---

G. W. Morton, Jr., Knoxville, Tenn., for plaintiff.

W. B. Lewallen, Knoxville, Tenn., for Alleys.

Joe E. Magill, Clinton, Tenn., for Prestons.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action for declaratory judgment. Jurisdiction is properly based on diversity of citizenship, 28 U.S.C. § 1332(a). The sole issue is whether the defendants Phillip C. Preston and Alan C. Preston were covered by a policy of automobile insurance issued by plaintiff Federal Kemper Insurance Company (Kemper) on September 22, 1980, the date on which Alan Preston was involved in an automobile accident with defendants Alley.

Plaintiff Kemper admits that it issued policy No. RY218084 to the Prestons, but claims that the policy lapsed effective August 29, 1980, due to nonpayment of premium and was not reinstated until September 24. Defendants Preston argue in the alternative (1) that the policy never lapsed or (2) that if it did it was reinstated effective September 19, 1980, and thus in full force and effect on the date of the accident.

Trial was had before the Court on May 28, 1981. Based on the evidence presented, the Court makes the following findings:

Kemper is an Illinois corporation authorized to do business in Tennessee. Prior to August 29, 1980, Kemper had issued a policy of insurance, No. RY218084, covering the Prestons' 1972 Datsun automobile. The policy was issued through the Preston Realty and Insurance Agency, a partnership consisting of defendant Phillip C. Preston and his wife Judith. Judith served as Phillip's insurance agent for all purposes relevant to this case.

All agree that the policy RY218084 covered the period from February 29, 1980, through August 29, 1980. Although the policy could be renewed by payment of the premium on or before the expiration date (see Ex. 3), it is undisputed that the Prestons did not make timely payment. On or about September 11, 1980, Kemper mailed to the Prestons a notice containing, *inter alia*, the following statement:

"... [P]ayment of the amount due so it arrives at our office no later than the 15th day after the premium due date shown below [August 29], will reinstate your auto policy and provide uninterupted protection." (Ex. 1)

The Prestons failed to submit their premium payment within the 15 days. Therefore, absent waiver or estoppel, the policy No. RY218084 lapsed effective August 29.

By subsequent notice, the Prestons were informed that if the premium were to be *received* by September 29, a new policy would be issued effective "from payment envelope postmark date plus one day." (Ex. 2) The premium was paid by check dated September 19, 1980, signed by Judith Preston, and drawn on the account of Preston Insurance. (Ex. 6) The envelope containing the payment was postmarked September 23, 1980 and arrived at Kemper's home office in Decatur, Illinois, on September 25. Kemper reinstated the Prestons' policy effective September 24. The accident involving the Prestons' automobile occurred on September 22.

Defendant Preston argues first that Kemper is estopped from relying on the lapse in denying coverage because it miscalculated the premiums due. The evidence shows that Kemper calculated its premiums based on the Prestons' mailing address which reflected a Knox County residence. In fact, however, the Prestons reside in Anderson County and thus were entitled to a lower rate. Kemper acknowledges that the premium charged was higher than that actually due, and issued credits to cover the difference. (Ex. 4, 5) [1]

Defendants claim that the premiums were consistently miscalculated in this manner; that they never paid their premiums until the invoice was corrected; and that they were never aware that their policy lapsed during the period of nonpayment. Therefore, they argue, Kemper had established a course of dealing whereby it would not cancel the policy until a reasonable time passed from the correction in the error of computation of the premium.

■ The evidence does not support the Prestons' claim. Exhibits 11 and 12 show four lapses in the Prestons' coverage prior to the period at issue here. Defendants introduced no evidence showing that their policy coverage had not lapsed. We conclude that no such course of dealing between Kemper and the Prestons was ever in effect.

The Prestons also argue that payment to an agent of Kemper constituted payment to Kemper itself; that Phillip Preston paid the premium to Judith Preston, his insurance agent, on September 19; and thus that the new policy went into effect on September 19, three days before the accident involving the Preston automobile. Conceding, arguendo, that under normal circumstances payment to the agent constitutes payment to the principal, *Shelby Mutual Ins. Co. v. Wilson*, 53 Tenn.App. 428, 383 S.W.2d 791

---

1. A check for $8.00 was issued to Phillip Preston on September 24, 1980, covering the policy in effect through August 29. (Ex. 5). In addition a credit of $77.00 was to be applied to the renewal policy. (Ex. 4). Robert Gray, Kemper's Collection Manager, testified that the $77.00 was in fact applied to the balance due on the new policy issued effective September 24. His testimony was not contradicted.

(1964), we decline to extend the general rule to cover the situation here where the agent is itself the insured. Tennessee adheres to the general rule that an agent is a fiduciary to his principal. In *Heard v. Miles*, 32 Tenn.App. 410, 419, 222 S.W.2d 848 (1949), the Court of Appeals stated:

"In any matter connected with the agency, the agent can in no way and under no circumstances act for himself or for any other than the principal without first making full and complete disclosure of the facts to the principal."

*See, also* 43 Am.Jur.2d, Insurance § 165; 3 Am.Jur.2d, Agency, § 220, and cases cited. The *Heard* Court went on to quote with approval from 2 Pomeroy's Equity Jurisprudence, § 969:

". . . [I]n any contract of purchase or sale with the principal, or other transaction by which the agent obtains a benefit, a presumption arises against its validity which the agent must overcome." [32 Tenn. App. at 420, 222 S.W.2d 848]

■ We do not believe that Mrs. Preston has overcome this presumption. She argues, through her husband, that she somehow *received* the premium on September 19. There is no evidence that Mrs. Preston actually received *any* money as an agent from her husband for the premium. All that has been shown is that the premium was paid by a check made out by Mrs. Preston and dated September 19, 1980. Under the circumstances of this case, and in view of Mrs. Preston's antagonistic roles as both insured and agent of the insurer, we believe that all doubts should be resolved in favor of Kemper and hold that the new policy did not go into effect until the postmark date on the envelope plus one day, or September 24, as provided in the aforementioned notice. (Ex. 2).

■ In view of this holding, it is unnecessary for us to consider the Prestons' other contention that the premium check was *mailed* to Kemper on September 19 and the policy became effective on that date. We hold that the controlling event giving rise to coverage was receipt by the company of the check rather than the mailing of it by

Mrs. Preston. *Boyd v. Reed*, 53 Tenn. 631 (1871).

■ For the foregoing reasons, we hold that the Prestons' 1972 Datsun automobile was not covered by a policy of insurance issued by Federal Kemper Insurance Co. on September 22, 1980, and we so declare. It is ORDERED that judgment in this case enter for the plaintiff, and that this case be, and the same hereby is, dismissed.

Order Accordingly.