VENNE v MICHIGAN MUTUAL INSURANCE COMPANY

Docket No. 93677. Submitted May 5, 1987, at Grand Rapids. Decided February 3, 1988. Leave to appeal applied for.

Robert Venne, who held an automobile insurance policy issued by Michigan Mutual Insurance Company, received a written notice from Michigan Mutual informing him that the policy would be cancelled unless a $176 premium payment was made by September 24, 1984. Michigan Mutual accepted a partial payment of $115.50 and sent Venne a written notice informing him that his coverage would continue without interruption if payment of the $60.50 balance was received in Michigan Mutual's office within six days of September 24, 1984. Venne obtained a postal money order in the amount of the balance and mailed it on September 29, 1987. Venne subsequently received a written notice from Michigan Mutual informing him that payment was received on October 6, 1984, and that coverage had therefore lapsed. On October 21, 1984, Venne was involved in an automobile accident, for which a claim for insurance benefits was denied by Michigan Mutual. Venne brought an action in Manistee Circuit Court against Michigan Mutual, seeking payment of his claim. The trial court, James M. Batzer, J., granted summary disposition in favor of plaintiff. Defendant appealed.

The Court of Appeals *held:*

Where an insurance company expressly states that payment must be received before coverage is renewed, the controlling event giving rise to coverage is receipt by the company of the payment rather than the mailing of it by the insured unless, by a prior course of dealing, the insurer has acquiesced in the use of the mails and has thereby adopted the postal authorities as its agents. In this case the notices received by plaintiff expressly stated that payment would have to be received before

REFERENCES

Am Jur 2d, Insurance § 447.

Insurer's denial of renewal of policy: waiver and estoppel. 85 ALR2d 1410.

Receipt of check for insurance premium as preventing forfeiture for nonpayment. 50 ALR2d 630.

coverage was reinstated and defendant had not adopted the postal authorities as its agents.

Reversed and remanded for entry of judgment in favor of defendant.

INSURANCE — PAYMENT — RENEWAL.

Where an insurance company expressly states that payment of premium must be received before coverage is renewed, the controlling event giving rise to coverage is receipt by the company of the payment rather than the mailing of it by the insured unless, by a prior course of dealing, the insurer has acquiesced in the use of the mails and has thereby adopted the postal authorities as its agents.

*John R. Brakora,* for plaintiff.

*Menmuir, Zimmerman, Rollert & Kuhn* (by *Charles H. Menmuir*), for defendant.

Before: CYNAR, P.J., and SAWYER and J. S. THORBURN,* JJ.

PER CURIAM. This case arises out of an automobile insurance policy issued by defendant, Michigan Mutual Insurance Company, to plaintiff, Robert Venne. The policy period was July 22, 1984, to July 22, 1985. An installment payment plan was arranged. On September 12, 1984, defendant was mailed a written cancellation notice stating that the amount due was $176. Defendant was advised that payment in full by September 24, 1984, would void the cancellation notice and coverage would be continued.

Plaintiff made a partial payment of $115.50. Defendant accepted the $115.50 and mailed plaintiff a partial payment notice showing a remaining balance of $60.50. This notice included the following language:

If the remaining amount is received in our office

---

* Circuit judge, sitting on the Court of Appeals by assignment.

within six days after the effective date of cancella-
tion (September 24, 1984), your protection will
continue without interruption.

On September 29, 1984, plaintiff secured a postal
money order at the post office in Manistee, Michi-
gan, in the amount of $60.50 and deposited it in
the mail. The money order was received by defen-
dant at its Detroit office on October 6, 1984. On
October 10, 1984, defendant sent another notice to
plaintiff advising him that the payment of $60.50
was not received in time to reinstate the policy.
Plaintiff was further advised to contact his agent
regarding new coverage. Plaintiff did not contact
an agent. On October 21, 1984, plaintiff was in-
volved in an automobile accident.

Plaintiff made a claim against defendant for
insurance benefits arguing that the policy never
lapsed since he mailed the balance of the premium
within the six-day period ending September 30,
1984. Defendant denied coverage alleging cancella-
tion for nonpayment effective on September 30,
1984. In January of 1985 defendant tendered a
refund of a portion of the premiums paid by
plaintiff. In April of 1985 plaintiff brought suit
against defendant seeking benefits pursuant to the
policy. Motions for summary disposition were filed
by both sides. The trial court granted plaintiff's
motion.

The issue is whether, in the absence of an
express agreement on the matter, an insured is
deemed to have effectively paid a premium when
he does no more than deposit it in the mail.

We are unaware of any Michigan decisions
which particularly address this issue. However, in
*Continental Life Ins Co v Willets,* 24 Mich 268, 273
(1872), the Court held that, where the insurance
company requires an express stipulation by the

applicant for insurance that the policy should not have force until the full amount of the premium is actually received, the insured cannot claim effective coverage by making a partial payment. Other jurisdictions have specifically held that mere mailing of a premium is insufficient to reinstate coverage and that the premium is not "paid" until it is received by the insurer unless, by a prior course of dealing, the insurer has acquiesced in the use of the mails and has thereby adopted the postal authorities as its agents. *Thomason v Schnor,* 41 Colo App 546; 587 P2d 1205 (1978); *Minnick v State Farm Mutual Automobile Ins Co,* 54 Del 125; 174 A2d 706 (1961); *Bankers Nat'l Life Ins Co v Cooper,* 111 NJ Super 264, 268; 268 A2d 78 (1970). In *Federal Kemper Life Ins Co v Preston,* 520 F Supp 24, 27 (ED Tenn, 1981), the court affirmed this premise in holding that, where the insurance company expressly states that payment must be received before coverage is renewed, the controlling event giving rise to coverage is receipt by the company of the payment rather than the mailing of it by the insured.

In the instant case, three of four notices sent by defendant expressly stated that payment would have to be received before coverage would be reinstated. While defendant acquiesced in and previously relied on the use of the mails as its method of receiving premium payments from all its clientele, stating that payment must be received as a prerequisite to coverage, the postal authorities could not be considered as the agents of this defendant. Under these circumstances, we find the risk of postal loss was on plaintiff and, in view of the stipulation that the premium payment was not received by defendant before the expiration of the six-day period (September 30, 1984), the plaintiff did not have effective coverage at the time of his

accident on October 21, 1984. The trial court's summary judgment in favor of plaintiff was therefore improper.

Reversed and remanded for entry of judgment for the defendant.