**GREAT AMERICAN INDEMNITY CO. et al.**
**v. STATE.**
No. 9878.

Court of Civil Appeals of Texas.
Austin.
April 26, 1950.

Rehearing Denied May 17, 1950.

Carl Wright Johnson, Edgar Pfeil, Nat L. Hardy, San Antonio, for appellants.

Price Daniel, Attorney General of Texas, and Bruce Allen and Burnell Waldrep, Assistant Attorneys General, for appellee.

GRAY, Justice.

This is a suit brought by the State of Texas against Mrs. Eloween Mesch, formerly secretary-treasurer of the Board of Nurse Examiners, and the Great American Indemnity Company (hereinafter called appellant), to recover for money collected by the said secretary-treasurer in her official capacity and for which she did account.

It was stipulated by the parties that Mrs. Mesch was appointed secretary-treasurer of the Board of Nurse Examiners on March 10, 1930, and that she qualified for the said office by taking the oath and giving the bond required by law. Thereafter she continued as such secretary-treasurer until July 31, 1947, being elected and qualifying annually.

On March 22, 1932, appellant became surety on the bond of Mrs. Mesch in the amount of $1,000, which bond was approved and filed as required by law. This bond, omitting the parts not necessary to here set out, is as follows:

"The condition of the above obligation is such that, whereas, the above bounden Mrs. Eloween Mesch, a feme sole was on the 10th day of March. A. D. 1930, duly appointed to the position of Secretary-Treasurer of the Board of Nurse Examiners for the State of Texas.

"Now, therefore, if the said Mrs. Eloween Mesch, a feme sole shall faithfully perform and discharge all duties required of her by law as aforesaid and shall account for all monies coming into her hands,

then this obligation to be void, otherwise to remain in full force and effect. It being understood however that this bond is effective for one year on and after March 22, 1932."

The above bond was continued by the issuance and delivery of a continuation certificate for each year from 1933 to 1947. The premium on the original bond and each continuation certificate was $5 per annum which was paid each year.

Except as to dates and the period of time covered, all continuation certificates are identical. One such certificate is:

"Name of Principal: Mrs. Eloween Mesch.
"Name of Obligee: Governor of the State of Texas.
"Amount of Bond: $1,000.00. Premium: $5.00.
"The Great American Indemnity Company in consideration of the premium, does hereby continue in force the above-described bond from the 22nd day of March, 1947, to the 22nd day of March, 1948, standard time at the obligee's address; but this certificate shall not be binding upon the said Company until countersigned by a duly authorized representative of the said Company.
"This certificate is issued and accepted with the distinct understanding that the liability of the Great American Indemnity Company shall under no circumstances be cumulative, and that its liability shall in no event exceed the amount of the bond described above."

It is stipulated that during her terms of office Mrs. Mesch collected and failed to account for sums of money as follows:

"From March 22, 1939, to March 1940 ...................... $1163.75
"From March 22, 1944, to March 1945 ...................... 1941.47
"From March 22, 1945, to March 1946 ...................... 8836.85
"From March 22, 1946, to March 1947 ...................... 8973.02
"From March 22, 1947, to July 1947 ...................... 1726.46
                                        ———————
        "Total ............. $22641.55."

A nonjury trial resulted in a judgment for the State against the secretary-treasurer individually for $17,641.55, and against her and appellant jointly and severally for $5,000.

Appellant alone has appealed and here presents only one question: Does the bond and the continuation certificates constitute one continuous bond with a maximum liability of $1,000, or was there created a separate liability of $1,000 for each of the years in question?

The question before us does not appear to have been before the courts of Texas except in American Indemnity Co. v. Mexia Independent School Dist., Tex.Civ.App., 47 S.W.2d 682, 684, Er.Dis. However, we do not think that case decides the question here presented for the reason that the bond under consideration there contained provisions not found in the bond here. That bond as originally issued covered a period of one year from August 28, 1925, to August 28, 1926, and provided: "If this bond shall be renewed or continued in force by agreement of the parties for a longer period than above specified, the surety shall not be liable for any act of dishonesty on the part of the principal, such as is specified above, unless such act of dishonesty shall be discovered during the period, original or renewal, in which it was committed, or within six months after the end of the period in which it was committed, or within six months after the termination of this bond, or any renewal thereof by cancellation or by the death, dismissal or retirement of the principal from the service of the obligee; whichever of said events shall first happen."

The bond was continued by continuation certificates, and the court said: " * * * It will be noted from the provisions of the bond heretofore quoted that it was contemplated that the bond could be 'continued in force by agreement of the parties for a longer period' than one year. The bond does not provide that it may be 'renewed for another term,' but provides that it may be 'continued * * * for a longer term.' This evidences an intention that there was to be but one term, regardless of the number of continuances, and that such term might

be extended or made longer by agreement of the parties. The bond was actually continued in force, not by the delivery of a new and different bond, but by 'continuation certificates.' The provisions of these 'continuation certificates' throw light upon the intention of the parties. They provide that the company 'hereby continued in force' the original bond, subject to the conditions thereof, 'but the liability hereby assumed is not cumulative in amount; the aggregate liability under the original bond and all renewals being limited to the amount specified in the original bond.' "

The bond before us contained no provision for a renewal or extension, but by its own terms the liability of appellant thereunder expired on March 22, 1933, and the annual continuation certificates did not enlarge or limit the liability of appellant under it. The period for which appellant was liable is there stated as follows: "It being understood however that this bond is effective for one year on and after March 22, 1932."

The contract before us is one of insurance and not of suretyship and is subject to construction as such. Southern Surety Co. v. Austin, Tex.Com.App., 17 S.W.2d 774. The continuation certificates were executed and delivered to appellee by appellant, and the same must be construed most strongly against appellant. American Indemnity Co. v. Mexia Independent School Dist., supra.

In Lewis v. Western Assurance Co., 175 Tenn. 37, 130 S.W.2d 982, 983, the Supreme Court of Tennessee said: "The controversy turns upon whether the renewal policy was a new and independent contract or whether it was an extension or continuation of the original contract."

And, in the opinion, quoted with approval 14 R.C.L., pp. 889-890, as follows: "A renewal of insurance by the payment of a new premium and the issuance of a receipt therefor, there being no provision in the policy for its renewal, is a new contract on the same terms as the old, but where the renewal is in pursuance of a provision to that effect it is not a new contract but an extension of the old."

It is the general rule that a renewal of a policy constitutes a separate and distinct contract for the period of time covered by the renewal, except where the provisions of the extension certificate show that the purpose and intention of the parties was not to make a new contract but was to continue the original contract in force. Grand Lodge of the United Bros. of Friendship & Sisters of the Mysterious Ten v. Mass. Bonding & Ins. Co., 324 Mo. 938, 25 S.W.2d. 783. And "such limitation must be found in clear and unambiguous terms within the four corners of the certificate." Krey Packing Co. v. Employers Liability Assur. Corp., Mo.App., 127 S.W.2d 780, 783.

The statute, Art. 4517, Vernon's Ann. Civ. Statutes, requires that the secretary-treasurer, within thirty days of her election, shall execute a bond in the sum of one thousand dollars, payable to the Governor, conditioned that she shall faithfully perform the duties of her office and account for all funds coming into her hands as secretary-treasurer. The record shows Mrs. Mesch was first elected on March 10, 1930, and thereafter she was elected annually. On March 22, 1932, she executed the first bond with appellant, and annually thereafter this bond was renewed by the continuation certificates, supra. The original bond expired by its own terms on March 22, 1933, and then was of no protection against subsequent losses. Each continuation certificate limited its effective period to one year.

We think the statute required that Mrs. Mesch, within thirty days of her election, execute a bond in the sum of one thousand dollars good for the period for which she was elected. We also think the phrase, "* * * the liability of the Great American Indemnity Company shall under no circumstances be cumulative, and its liability shall in no event exceed the amount of the bond described above," as used in each renewal or continuation certificate must be interpreted to mean that liability is limited to the one year period specified in the certificate to the amount stated in the original bond, and that such liability would not attach for any prior (or subsequent) defaults.

Our view that each continuation certificate constituted a new and distinct contract is supported by the Court of Appeals of Kentucky, in DeJernette v. Fidelity & Casualty Co., 98 Ky. 558, 33 S.W. 828, and City of Middlesboro v. American Surety Co., 307 Ky. 769, 211 S.W.2d 670.

We hold that the continuation certificates created a separate liability of $1,000 for each of the years in question.

The judgment of the trial court is affirmed.