Ramiro **MARTINEZ** et al., Plaintiffs,

v.

**GREAT AMERICAN INSURANCE COMPANY OF NEW YORK**, Defendant.

**Civ. A. No. 67–93–SA.**

United States District Court
W. D. Texas,
San Antonio Division.
July 3, 1968.

Jerry P. Heltzel, Richard Tinsman, Tinsman & Cunningham, San Antonio, Tex., for plaintiffs.

Carl Wright Johnson, W. R. Simcock, San Antonio, Tex., for defendant.

## MEMORANDUM OPINION

SPEARS, Chief Judge.

Plaintiffs, who claim a cause of action against one Jesus Barrientes (the insured) for injuries and damages growing out of an accident on September 7, 1967, involving an automobile owned and driven by the insured, brought this suit seeking a judgment declaring that an insurance renewal certificate issued to the insured by the defendant (insurer), and covering said automobile was in effect

on the date of the accident. After a trial without a jury, this Court holds that the plaintiffs are entitled to the declaratory judgment sought. The matters hereinafter set forth shall constitute the findings of fact and conclusions of law in support of the judgment.

On July 8, 1966, the insured, at that time an employee of Lackland Air Force Base located just outside San Antonio, Texas and near Hondo, Texas, purchased an automobile liability insurance policy from the defendant-insurer, through its agent, Wood & Wood Insurance Agency (the agency) of Hondo. A portion of the premium was paid in cash and the balance, which has never been paid, was carried on the books of the agency as an account receivable due to it from the insured. The agency paid the defendant-insurer the full amount of the premium, less their commission.

Sometime prior to the date the policy was to expire, the agency sent to the defendant-insurer's service office in San Antonio a list of insurance policies eligible for renewal in the month of July, 1967. The agency thereafter received an envelope from said service office containing all of the July renewal certificates, including one covering the policy of the insured, and a bill for the premiums on all renewals.

On July 5, 1967, the agency sent a letter to the insured reading as follows:

"Your car insurance policy will be due on 7–8–67 and would appreciate you dropping us a line below yes or no if you want to renew same again this year."

The following "demand" letter was written by the agency to the insured on July 26, 1967:

"The company demands that if we do not send in the money for this policy to them within a week from this date, that we return the policy to them for cancellation. * * *"

Subsequently, on August 29, 1967, the agency received from the San Antonio office of defendant-insurer a letter stating:

"Attached is a copy of our letter of July 12.[1] We would appreciate your forwarding this information to our office by September 12. If we have not received it by that time we shall assume you have been unable to secure the cooperation of our insured and we will issue notice of cancellation * * *."

On September 1, 1967, the agency returned the insured's renewal certificate to the defendant-insurer with the following transmittal letter:

"Enclosed please find automobile renewal certificate of Policy No. 4–69–64–14–VF, Jesus Barrientes, to cancel as far back as possible as we cannot hear from him."

Testimony of Mrs. Jo Wood, a partner in the agency, was to the effect that she was sure the company dated the policy back "some", because "they knew we were losing money on it".

The July 26, 1967 letter from the agency to the insured, written some eighteen days after the expiration date of the original policy, indicates that the agency considered the renewal certificate to be in effect at that time, otherwise there would have been no occasion to threaten cancellation. The letter of August 29, 1967 from the company to the agency fully supports a finding that the defendant-insurer itself treated the policy as one in effect at least until September 12, 1968.

Sometime between April 1967 and September 1967, Lackland Air Force Base issued to the insured a windshield decal, effective until July 6, 1968, indicating that the insured had obtained the automobile liability insurance required of all employees of Lackland Air Force Base who desired to park their cars on the base.

1. The letter of July 12 apparently sought information concerning possible coverage of the insured's son.

 Insurance policies of the type involved herein are written under the compulsive features of the Texas Safety Responsibility law[2], pursuant to which the provisions of the policy inure to the benefit of every person negligently damaged by an assured, as completely as if such damaged party had been named in the policy. It is clear that automobile liability insurance contracts are no longer secret, private, confidential arrangements between the insured and the insurance carrier. The interests of third parties must now be considered and protected.[3]

It is not unusual for an insurance agency to represent both the insurance company and the insured.[4] The question of agency in most cases is one of fact.[5]

In this case, the defendant-insurer issued a renewal certificate for the insured, at the agency's request, upon the expiration of the original policy. Credit was extended to the agency for the premium, and the company treated the policy as still in existence after the original termination date. The agency accepted the renewal for the insured, and carried the amount of the new premium on its books as an account receivable from the insured. Under the circumstances, the company waived any right it may have had to terminate the policy on its original termination date and is estopped from contending that the policy was not renewed.[6]

This Court concludes that a valid automobile liability insurance contract between the insured and the insurer was created for the year July 8, 1967 to July 8, 1968, subject to cancellation in accordance with its provisions.[7] Since the insured did not consent to a cancellation, and no written notice of cancellation, effective on or before September 7, 1967, was mailed by the company to the insured, the policy was still in full force and effect on that date.

Entered on this 3rd day of July, 1968.

---

2. Art. 6701h Vernon's Annotated Texas Civil Statutes.

3. See Johanek v. Aberle, 27 F.R.D. 272 (D.Mont.1961); Ash v. Farwell, 37 F.R.D. 553 (D.Kan.1965); Home Indemnity Company v. Humble Oil & Refining Company, 314 S.W.2d 861, (Tex.Civ.App. 1958), writ ref. n. r. e., Cf. Vetter v. Lovett, 44 F.R.D. 465, (W.D.Tex.1968).

4. See 32 Tex.Jur.2d 232, §§ 130–131.

5. Ibid. § 130.

6. See 32 Tex.Jur.2d 408, §§ 243–246.

7. Paragraph 16 of the "conditions" set forth in the policy provides, in pertinent part, that:
   "This policy may be cancelled by the company by mailing to the insured * * * written notice stating when not less than ten days thereafter such cancellation shall be effective."