## FARMERS INSURANCE COMPANY OF ARKANSAS v. J. W. HALL

78-20                                          567 S.W. 2d 296

Opinion delivered June 26, 1978
(Division I)

*Jones, Gilbreath & Jones,* for appellant.

*Dewain W. Hodge,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant Farmers Insurance Company of Arkansas issued an automobile insurance policy on January 3, 1974, to appellee J. W. Hall covering a 1974 pickup truck. Collision coverage was included. The term of the policy was six months. Appellee elected to renew the policy near the end of the original term and paid the required premiums. The new term was from July 3, 1974 until January 3, 1975. Appellant offered to renew the policy for another six month term upon payment of the premium prior to the expiration date. No premium was paid until appellee's wife mailed a check for it on the morning of January 25, 1975, shortly before the insured vehicle was damaged in a collision. Hall sued for his damage, the amount of which was stipulated, after appellant denied the claim on the ground that appellee's policy was not in force at the time of the collision. The trial court, sitting without a jury,

rendered judgment for the appellee, holding that the policy was in force. Appellant asserts that the court erred because the policy expired by its own terms due to nonpayment of the premium and that the insurance cancellation statutes do not apply to a policy with a fixed expiration date where termination results from nonpayment of premium. We agree with appellant and reverse.

The policy contained a provision for an additional policy term of six months each time the company offered to renew by sending a bill for the required renewal premium and the insured paid the premium in advance of the renewal date. Appellant mailed an "Offer to Renew" to appellee on December 11, 1974, stating that the policy renewal date was January 3, 1975 and that this would be the only notice given prior to the renewal date. This offer was received by appellee prior to the policy expiration date. On January 9, 1975, an "Important Expiration Notice" was mailed by appellant to appellee, who received it in due course of the mails. This notice provided that "although the due date has passed, you can still accept the company's offer to renew your policy. Payment within 15 days after due date will renew your policy without interruption of coverage. Otherwise, your insurance will expire as of the due date, January 3, 1975." Appellant considers this 15 day period as a grace period. Of course, the payment mailed on January 25, 1975, was not within this period. That payment was received by appellant on January 27, 1975.

On January 29, 1975, appellant mailed to appellee a notice entitled "Your Policy is Out of Force," which was received by appellee on January 30 or 31. This notice advised: "May we suggest that you send your premium now? If received within 60 days from the expiration date shown your protection will again be in force from and after the date payment is received. You may pay one-half now and a small handling charge and the balance within 60 days. Coverage expired at 12:00 noon January 3, 1975." Appellant then provided appellee with a "declarations sheet" showing the effective date of the policy to be January 27, 1975, with an expiration date of July 27, 1975. It was mailed on January 30 and received by appellee in due course of the mails. The mail-

ing of the notice on January 29, after receipt of the check on January 27, was attributable to the fact that the notices originate in an installation in Los Angeles, California, and the receipt of the check on January 27 would not reach the computer in time to prevent the origination of a notice for mailing on January 29.

Appellant had no obligation to offer to renew the policy. The terms of the offer to renew were clear and unambiguous. They were not met. The "grace period" provided by it passed without the offer having been accepted. There was nothing whatever to indicate that the grace period would be extended. There was nothing in the policy or the governing law to require a revocation of the offer. It expired by its own terms. The offer clearly stated that if the payment was not made within 15 days, i.e., by January 18, the insurance would expire as of the due date, i.e., January 3. This is the usual and ordinary effect of failure to pay a premium within a grace period. The policy simply lapsed because of appellee's failure to accept the offer to renew by payment or tender of payment within the time allowed. *McClure* v. *State Farm Mutual Automobile Ins. Co.,* 113 Ga. App. 467, 148 S.E. 2d 475 (1966).

Appellant was not required to give notice of cancellation of the policy under Ark. Stat. Ann. §§ 66-4007 — 66-4013 (Supp. 1977). There was no cancellation of the policy. If the offer to renew had not been made, the policy would have expired by its own terms. Notice of cancellation of a policy may be required upon nonpayment of the premium under § 66-4008, but this requirement applies only to a cancellation by unilateral action of the insurer before the end of the policy term and not an automatic termination by expiration of the policy period. *Shiaras* v. *Chupp,* 61 Ill. 2d 164, 334 N.E. 2d 129 (1975); *Morey* v. *Educator & Executive Insurers Inc.,* 45 Ohio St. 2d 196, 342 N.E. 2d 691 (1976). If, for example, this policy had been for a term of one year and the premium had been payable in semi-annual installments, cancellation of the policy during its term for nonpayment of a premium when it became due would be effective only if notice were given pursuant to the statute. The provisions as to cancellation have nothing whatever to do with termination of an offer to renew that expires by its own terms prior to acceptance. *Anthony* v.

*National Grange Mutual Ins. Co.,* 113 N.H. 486, 309 A. 2d 919 (1973). The payment by appellee after expiration of the policy term and after expiration of the offer to renew could only have the effect of providing coverage from the date of its acceptance by the company. See Blashfield, Automobile Law and Practice, Vol. 7, § 293.2 (pocket part); *Bek* v. *Zimmerman,* 285 Mich. 224, 280 N.W. 741 (1938).

The provisions of the act (Ark. Stat. Ann. § 66-4010) relating to notice of non-renewal were not applicable either. The language of this section clearly states that it does not apply if the insurer has manifested its willingness to renew or in case of nonpayment of premium. *Anthony* v. *National Grange Mutual Ins. Co.,* supra. We are not unaware of *State Farm Mutual Automobile Ins. Co.* v. *Brown,* 40 Cal. App. 3d 385, 115 Cal. Rptr. 213 (1974). Not only do we find the reasoning in *Shiaras, Morey* and *Anthony* to be sounder, but we also find a difference in policy terms. The renewal was there automatic upon payment of the required premium prior to expiration date. Here the renewal was optional with the insurance company, not the insured.

The judgment is reversed and the cause dismissed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.