**Jose Ramon ZUNIGA, Individually & d/b/a Hamilton Insurance Agency, et al., Appellants,**

v.

**ALLSTATE INSURANCE COMPANY, Appellee.**

**No. 04–83–00516–CV.**

Court of Appeals of Texas, San Antonio.

June 12, 1985.

John M. O'Connell, San Antonio, Peter N. Plumb, San Antonio, for appellants.

Stephen E. Walraven, Jo Chris G. Lopez, San Antonio, for appellee.

Before BUTTS, CANTU and TIJERINA, JJ.

## OPINION

CANTU, Justice.

Allstate Insurance Company filed suit for a declaratory judgment against Jose Ramon Zuniga, individually and d/b/a Hamilton Insurance Agency, Anastacio Romo and Rose Gonzales. Allstate Insurance Company asked the court to declare that the automobile insurance policy purchased by Anastacio Romo had expired, and that no party to the suit, or anyone taking derivatively through any party to the suit was entitled to coverage under the policy. All the defendants filed an answer, however Rose Gonzales did not appear or participate in the trial.

The court found that the automobile insurance policy had expired by its own terms and that Anastacio Romo had failed to renew the policy because Jose Ramon Zuniga, d/b/a Hamilton Insurance Agency, did not forward the renewal premium to Allstate Insurance Company on or before the premium due date.

Anastacio Romo (Romo) applied for automobile liability insurance under the Assigned Risk Plan [1] through his agent Jose Ramon Zuniga (Zuniga) d/b/a Hamilton Insurance Agency. The policy was allocated to Allstate Insurance Company (Allstate), and Allstate issued Romo auto policy, number 0–29–410661, for the period December 3, 1980 to December 3, 1981.

In October, 1981, Allstate sent Zuniga and the insured, Romo, a Renewal Notice and Declaration Page for the renewal policy term December 3, 1981 to December 3, 1982. Romo contacted Zuniga and requested one car and one driver be deleted from policy coverage. Zuniga estimated the premium for the reduced coverage to be $123.00 which he received from Romo. On

---

1. Article 6701h, commonly known as, "The Motor Vehicle Financial Responsibility Law" provides a means by which insurance may be assigned to an authorized insurance company for a person required by this Act to show proof of financial responsibility for the future, and who is in good faith entitled to motor vehicle liability insurance in this State, but is unable to secure it by ordinary means.

November 12, 1981, Zuniga wrote Allstate requesting the changes. Allstate responded on November 30, 1981, with a letter indicating Romo's policy had continued in full force without interruption.

On December 1, 1981, Allstate issued Romo a coverage declaration on policy 0–29–410661, to be effective from December 3, 1981 to December 3, 1982, incorporating the requested deletions. The Declaration Page of the policy had a Renewal Notice attached and a detachable Payment Notice for a $146.00 renewal premium to be paid to Allstate by December 29, 1981. Allstate also sent Romo an "Automobile Insurance Identification Card," as required by article 6701h of the Texas Revised Civil Statutes.

Zuniga received the $23.00 balance from Romo, however Zuniga failed to forward the entire $146.00 renewal premium payment to Allstate by the due date. Thereafter Romo was involved in an automobile collision with Rose Gonzales on December 30, 1981. Romo reported the accident to Allstate on January 3, 1982. Allstate did not investigate the accident which prompted an inquiry from Zuniga. Allstate informed Zuniga and Hamilton Insurance Agency, that the policy had terminated for non-payment of premium on December 29, 1981. Zuniga made a demand for investigation and defense, however Allstate proceeded under a Reservation of Rights provision and brought suit for declaratory judgment.

Zuniga and Romo contend in their single point of error that the trial court erred in declaring that Allstate had no insurance of any type in force and effect on December 30, 1981, providing any coverage for Romo. They argue that the cancellation of an automobile insurance policy obtained under Section 35, Assigned Risk Plan, of the Texas Motor Vehicle Safety Responsibility Act TEX.REV.CIV.STAT.ANN. art. 6701h (Vernon 1977) requires a ten day prospective notice of cancellation be sent to the insured. Allstate maintains the notice of cancellation was not required because the policy had not been cancelled, but instead, expired or was terminated pursuant to policy provisions for failure to pay the renewal premium.

■ An insurance company that provides an automobile liability insurance policy under the Assigned Risk Plan is subject to the rules promulgated by the State Board of Insurance and found in the Automobile Insurance Plan for the State of Texas.[2] Section 14B of the Automobile Insurance Plan provides:

\* \* \* \* \* \*

B. First and Second Renewal Policies and in Cases of Financial Responsibility Filings, Third and Fourth Renewal Policies—At least 45 days prior to the inception date of each renewal policy the designated insurer shall notify the applicant that

(1) a renewal policy will be issued within 30 calendar days after receipt of the renewal premium stipulated by such insurer provided such premium is received at least 15 days prior to the inception of such policy, or

(2) where the installment plan is utilized by the applicant, a renewal policy will be issued provided the deposit premium stipulated by such company (at least 25% of the total annual premium or a minimum of $40 per vehicle, whichever is greater) is received at least 15 days prior to the inception of such policy or

(3) a renewal policy will not be issued for the reason that the applicant is not entitled to insurance under the Plan

A copy of such notice shall be filed with the servicing agent or company representative. In the event the insurer will not issue a renewal policy the reason supporting such action together with copy of said notice shall be filed with the Manager of the Plan.

\* \* \* \* \* \*

---

**2.** The Automobile Insurance Plan for the State of Texas contains the rules applicable to Assigned Risk Automobile Insurance policies.

The rule making authority, the Governing Committee, developes the rules which are binding on all participating companies.

Allstate sent the renewal policy notice to Romo on October 22, 1981, in compliance with Section 14B. Romo's response was to request changes in the original policy. Allstate issued a revised Declaration statement on December 1, 1981, which stated:

THIS NOTICE IS A REVISED RENEWAL REFLECTING CHANGES TO RENEW THE INSURANCE FOR THE PERIOD AS STATED ABOVE. YOU MAY ACCEPT THIS OFFER ONLY BY PAYMENT OF THE PREMIUM TO ALLSTATE ON OR BEFORE THE ACCEPTANCE DATE OF DECEMBER 29, 1981.

The renewal policy issued by Allstate complied with the Texas Automobile Insurance Plan notices provision, and extended the premium due date to December 29, 1981. By extending the renewal premium due date beyond the expiration date of the original policy, Allstate unilaterally agreed to provide coverage until December 29, 1981.

Zuniga and Romo cite *Martinez v. Great American Insurance Company of New York*, 286 F.Supp. 141 (1968) as a case involving the precise facts as the instant case on appeal. *Martinez* involved a renewal policy under the compulsive features of the Texas Safety Responsibility law, default in the payment of premium and a post-accident cancellation of the policy by the insurer. The Court correctly declared that a valid automobile liability insurance contract existed between the insured and insurer on the date of the accident and that the contract was subject to the required notice provisions for effective cancellation.

In *Martinez*, Chief Justice Spears' opinion states the facts supporting the holding thusly,

In this case, the defendant insurer issued a renewal certificate for the insured, at the agency's request, upon the expiration of the original policy. Credit was extended to the agency for the premium, and the company treated the policy as still in existence after the original termination date. The agency accepted the renewal for the insured, and carried the amount of the new premium on its books

as an account receivable from the insured.

*Id.* at 143.

■ Allstate extended the due date for payment of the renewal premium. Neither the record nor the parties indicate an extension of credit by Allstate for the premium due past December 29, 1981. Further, the renewal policy was not and could not be accepted for Romo by Zuniga or Hamilton Insurance Agency. The renewal policy expressly stated the manner of acceptance as payment of the premium to Allstate by the acceptance date of December 29, 1981. Although Romo paid the renewal premium, Zuniga admitted the premium never reached Allstate due to inadvertence or mistake on the part of Hamilton Insurance Agency.

■ It is the general rule that a renewal of a policy constitutes a separate and distinct contract for the period of time covered by the renewal. *Great American Indemnity Co. v. State*, 229 S.W.2d 850, 853 (Tex.Civ.App.—Austin 1950, writ ref'd). The payment of the premium in accordance with provisions of the insurance policy is a condition precedent to establishment of liability against the insurer. *Schultz v. American National Insurance Co.*, 142 S.W.2d 275, 279 (Tex.Civ.App.—Beaumont 1940, writ dism'd); *see also, Harrington v. Aetna Casualty & Surety Co.*, 489 S.W.2d 171 (Tex.Civ.App.—Waco 1973, writ ref'd n.r.e.) (policy delivered to insured on expiration is generally an offer which must be accepted before renewal is effective).

■ The conditions for acceptance of the renewal policy were not met, therefore the renewal policy never came into existence. The possibility of continued insurance coverage under the renewal policy terminated as of the final acceptance date, December 29, 1981. Allstate was under no obligation to renew coverage in the absence of payment of the renewal premium, and was not obligated to comply with cancellation procedures. *Mercury Casualty Co. v. Kamae*, 78 Cal.App.3d 525, 142 Cal.Rptr. 821 (1978); *cf. Anthony v. National*

*Grange Mutual Insurance Co.,* 113 N.H. 486, 309 A.2d 919 (1973); *State Farm Mutual Insurance Co. v. White,* 563 F.2d 971 (9th Cir.1977); *Farmers Insurance Co. v. Hall,* 263 Ark. 734, 567 S.W.2d 296 (Ark. 1978).

Zuniga and Romo also contend on appeal that Allstate's issuance of an Automobile Insurance Identification Card to Romo provided *prima facie* evidence of proof of insurance. The issue contemplates the affirmative defenses of waiver and estoppel which must be pled in order to be asserted. TEX.R.CIV.P. 94. Such defenses were not part of Zuniga or Romo's answers and the record clearly indicates that the defenses were not tried by consent. The waiver and estoppel defenses were not before the trial court and cannot be raised for the first time on appeal. *Sunrise Acres, Inc. v. Ford-Wehmeyer, Inc.,* 598 S.W.2d 916 (Tex.Civ.App.—Waco 1980, no writ).

It is generally accepted that an insurance broker agreeing to obtain insurance has a legal duty to obtain it, and if he cannot do so, to notify the applicant of his failure. *Burroughs v. Bunch,* 210 S.W.2d 211 (Tex.Civ.App.—El Paso 1948, writ ref'd); *Gibbs v. Allstate Insurance Co.,* 386 S.W.2d 606 (Tex.Civ.App.—Fort Worth 1965, writ ref'd n.r.e.).

It is undisputed that Romo paid Zuniga the $146.00 renewal premium payment in two cash payments, one for $123.00 and the other payment of $23.00. Also undisputed is the fact Zuniga d/b/a Hamilton Insurance Agency failed to forward the premium payment. Allstate acted in accordance with the provisions of their policy, Section 22, RENEWAL,

\*　　\*　　\*　　\*　　\*　　\*

This policy shall terminate
  (a) on such expiration date, if
    (1) the named insured has failed to discharge when due any of his obligations in connection with payment of premium for this policy or any installment thereof, whether payable directly to the company or it agent or indirectly

under any premium finance plan or extension of credit, ...

\*　　\*　　\*　　\*　　\*　　\*

Zuniga undertook the responsibility of forwarding the renewal premium on Romo's policy to Allstate, and failed to discharge that responsibility.

We conclude that Anastacio Romo's automobile liability insurance policy expired on December 29, 1981, due to non-payment of the renewal premium, and that the policy was not in force and effect thereafter.

The judgment of the trial court is affirmed.