Affirmed and Majority and Opinion filed April 23, 2009








Affirmed and Majority and Opinion filed April 23, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00955-CV

____________

 

CHARLES HARTLAND, Appellant

 

V.

 

PROGRESSIVE COUNTY MUTUAL INSURANCE
COMPANY,
Appellee

 



 

On Appeal from the 333rd
District Court

Harris County, Texas

Trial Court Cause No. 2005-21679

 



 

M A J O R I T Y   O P I N I O N

Appellant, Charles Hartland, filed suit against appellee,
Progressive County Mutual Insurance Company, after the denial of an
auto-insurance claim for a single-car accident.  The jury found appellant did
not mail the premium to renew the policy until after the policy had expired;
therefore, appellant did not have insurance when the accident occurred.  On
appeal, appellant contends the parties formed a contract under the terms of the
original renewal policy when appellee accepted his premium payment, and therefore,
the policy covered the accident.  In addition, appellant argues appellee
violated the Texas Administrative Code when it denied his claim.  We affirm.








I.  Factual and Procedural Background

Appellant, Charles Hartland, obtained auto insurance
through appellee, Progressive County Mutual Insurance Company.  Policy number
37156966-1 began on November 9, 2003, at 12:01 a.m. and ended on May 9, 2004,
at 12:01 a.m.  Appellee sent appellant a renewal bill on April 14, and a
renewal reminder on April 23, stating the renewal policy period would run from
May 9 to November 9.  Appellant claimed he mailed a check in the amount of the
renewal premium on May 8; appellee attached a lockbox report to its
counterclaim for declaratory judgment showing the postmark date was May 11. 
Joan Hartland, appellant=s wife, was in a single-car accident on
May 9, 2004 at approximately 8:00 a.m., damaging a car covered under the
initial policy.  

Appellee presented evidence that it received appellant=s check on May 16,
and on May 18, appellee sent appellant a revised renewal declarations page. 
Policy number 37156966-2 listed coverage dates from May 12, 2004, at 12:01 a.m.
to November 12, 2004, at 12:00 a.m., excluding coverage for the date of the
accident.  Appellant requested review by appellee of the denial of the claim. 
On August 6, appellee again denied the claim, stating the policy was not in
effect at the time of the loss.  On December 29, appellant=s attorney sent a
letter asking appellee to reconsider; appellee denied the claim once again.    








Appellant filed an original petition, alleging breach of
contract, unfair claim- settlement practice, breach of duty of good faith and
fair dealing, damages, and attorney fees.  Appellee filed a counterclaim for
declaratory judgment, stating it owed no duty or obligation to Hartland because
the policy had expired.  Appellee also filed a motion for summary judgment with
the same contention as the declaratory judgment.  The trial court denied the
motion for summary judgment and the case went to trial.  The jury answered ANo@ to the following
question: ADo you find that Charles Hartland deposited his
renewal policy premium payment with the post office on or before 12:01 a.m. on
May 9, 2004?@  Appellant then filed a motion for judgment
notwithstanding the verdict and to disregard jury findings, arguing that even
if he mailed his payment after the policy period ended, appellee formed a
contract based on the original terms of the renewal by accepting his payment. 
The trial court denied appellant=s motion and
entered final judgment on the verdict.  

II.  Discussion

In three issues on appeal appellant contends the trial
court erred when it denied appellant=s motion for
judgment notwithstanding the verdict because: (1) the parties formed an
enforceable contract as a matter of law; and (2) appellee violated sections of
the Texas Administrative Code, making any attempts to restrict appellant=s coverage void.[1] 
Therefore, we will construe appellant=s three issues as
actually raising two issues on appeal. 

A.      The
Standard of Review

A court may disregard a jury=s verdict and
render judgment notwithstanding the verdict (JNOV) if no evidence supports the
jury=s findings, or if
a directed verdict would have been proper.  Tiller v. McClure, 121 S.W.3d
709, 713 (Tex. 2003).  To determine whether a JNOV is appropriate, we apply the
standards that govern Ano evidence,@ i.e.,
legal-sufficiency review.  See Keller v. Wilson, 168 S.W.3d 802,
823 (Tex. 2005); Wal-Mart Stores, Inc. v. Miller, 102 S.W.3d 706, 709
(Tex. 2003).








A legal-sufficiency point must be sustained: (1) when there
is a complete absence of a vital fact; (2) when rules of law or evidence preclude
according weight to the only evidence offered to prove a vital fact; (3) when
the evidence offered to prove a vital fact is no more than a scintilla; or (4)
when the evidence conclusively establishes the opposite of the vital fact. 
Keller, 168 S.W.3d at 810.  Under the legal-sufficiency standard, we must
credit evidence that supports the judgment if reasonable jurors could, and we
must disregard contrary evidence unless reasonable jurors could not.  See
id. at 827.  If the evidence falls within the zone of reasonable
disagreement, we may not invade the fact-finding role of the jurors, who alone
determine the credibility of the witnesses, the weight to give their testimony,
and whether to accept or reject all or any part of that testimony.  See id.
at 822.  Unless Athere is no favorable evidence@ to support the
challenged finding or Aif contrary evidence renders supporting
evidence incompetent . . . or conclusively establishes the opposite@ of the finding,
we must affirm.  See id. at 810-11.  

B.      Alleged
Contract Formation

In his first issue, appellant argues that the jury=s answer to
question one of the charge is immaterial because an enforceable contract exists
as a matter of law.  Specifically, appellant contends the parties formed a
contract under the original terms of the renewal policy when appellee retained
payment on the forfeited policy.  Appellant raised this issue for the first
time in his motion for judgment notwithstanding the verdict.

Appellee
characterizes this argument as an affirmative defense of waiver and asserts
that appellant cannot raise this argument on appeal because it must have been
pleaded or tried by consent.  Assuming without deciding that appellant has
properly preserved his complaint on appeal, appellant=s first issue is without merit.








It is the general rule that a renewal of an insurance
policy constitutes a separate and distinct contract for the period of time
covered by the renewal.  Zuniga v. Allstate Ins. Co., 693 S.W.2d 735,
738 (Tex. App.CSan Antonio 1985, no writ).  Any offer by the insurer
to renew an insurance contract must be accepted by the insured completely and
unequivocally to constitute a new contract.  Viking County Mutual Ins. Co.
v. Jones, No. 05-91-01815-CV, 1992 WL 211068, at *3 (Tex. App.CDallas August 31,
1992, no writ) (not designated for publication).  The payment of the premium in
accordance with provisions of the insurance policy is a condition precedent to
establishment of liability against the insurer.  Id.  The policy in this
case states:

If we offer to renew or continue and you or your representative do not
accept, this policy will automatically terminate at the end of the current
policy period.  Failure to pay the required renewal or continuation premium
when due shall mean that you have not accepted our offer.

The
renewal notice and bill sent by appellee provided the following payment
instructions to appellant:  ATo renew your policy, please pay at least
the minimum amount due by the due date.@  The jury found
that appellant did not pay his premium on time.  Because appellant failed to
timely pay the renewal premium, the condition for acceptance of the renewal
policy was not met and the policy did not begin, leaving appellant without
insurance coverage when the accident occurred.  See Id. at *4 (holding
because insured did not timely pay renewal premium, policy was not canceled but
expired under its own terms and once insured paid renewal premium insurer
properly renewed policy effective on the date of the insured=s payment); Zuniga,
693 S.W.2d at 738 (holding that since the renewal payment was not made in
accordance with the terms of the policy, the renewal policy never came into
existence); Southern Farm Bureau Cas. Ins. Co. v. Davis, 503 S.W.2d 373,
377 (Tex. App.CAmarillo 1973, writ ref=d n.r.e.) (stating
offer for renewal of auto insurance could not come to fruition until premium
paid); Trinity Universal Ins. Co. v. Rogers, 215 S.W.2d 349, 352 (Tex.
App.CDallas 1948, no
writ) (stating no completed contract when insured did not indicate acceptance
of renewal policy).    








Relying heavily on the Texas Supreme Court case Bailey
v. Sovereign Camp, W.O.W., appellant contends the parties formed an
enforceable contract when appellee accepted appellant=s late premium
payment.  Bailey was a member of Sovereign Camp, W.O.W., a fraternal
benefit society.  Bailey v. Sovereign Camp, W.O.W., 116 Tex. 160, 165,
286 S.W. 456, 456 (1926).  As part of his membership, Bailey was issued a
benefit certificate for $2,000, payable to his wife upon his death.  Sovereign
Camp, W.O.W. v. Bailey, 277 S.W. 782, 783 (Tex. App.BTexarkana 1925), rev=d, 116 Tex. 160, 286
S.W. 456 (1926).  After Bailey died, his wife made a claim for the benefit
certificate.  Id. at 783.  The organization denied the claim, stating
that Bailey was never legally reinstated after his suspension for failure to
pay his May dues.  Id.  

Under the organization=s bylaws, Bailey
could have been reinstated within 10 days after default if he paid all
arrearages and dues and presented a warranty of good health.  Bailey,
116 Tex. at 165, 286 S.W. at 456-57.  Although Bailey mailed the money order on
the tenth day, it was not received until the twelfth day.  Bailey, 116
Tex. at 165, 286 S.W. at 457.  As a result, Bailey=s payment was
untimely because payment had to be received by the agent within the 10-day
period.  Bailey, 116 Tex. at 165-66, 286 S.W. at 457.  Despite Bailey=s late payment,
the organization reinstated his membership and did not require the warranty of
good health.  Bailey, 116 Tex. at 167, 286 S.W. at 457.  The court held
the organization waived the requirement of good health when it accepted the
late payment.  Bailey, 116 Tex. at 168, 286 S.W. at 458.  In doing so,
the court set forth three conditions for waiver of a forfeiture: 

First.  The insurer must have
knowledge of the facts constituting the forfeiture of the certificate. 
Second.  The forfeiture must be complete and absolute.  Third.  There must be
some unequivocal act on the part of the insurer which recognizes the
continuance of the policy, or which is wholly inconsistent with the
forfeiture.              

Bailey, 116 Tex. at 166,
286 S.W. at 457.          

The Bailey case is distinguishable from the facts
before us.  Here, appellant failed to pay a premium to continue his
auto-insurance coverage.  Appellant=s initial policy
had expired as indicated on the renewal bill:  AYour current
policy will expire on May 9, 2004 at 12:01 a.m.@  Appellant has
conceded, for the sake of this argument, that his payment was not made until
after the expiration of the initial policy and after his wife=s accident. 
Appellant=s policy provides:








If we offer to renew or continue and you or your representative do not
accept, this policy will automatically terminate at the end of the current
policy period.  Failure to pay the required renewal or continuation premium
when due shall mean that you have not accepted our offer.

When
the initial policy expired, the relationship between appellant and appellee had
ended according to the terms of the initial policy.  In Bailey, the
organization chose to reinstate Bailey as a member, giving him the right to his
existing benefit certificate.  In this case, there was no policy in existence. 
When appellant paid the renewal premium, appellee issued a new policy effective
on the date of payment.  Unlike Bailey, appellant did not forfeit the
right to an existing policy by not paying the premium and then resurrect it
when appellee accepted the premium; the policy expired and a new policy did not
begin until appellant paid the premium.  See Davis, 503 S.W.2d at 377
(holding no insurance coverage on day of auto accident when insured paid
renewal premium one day after accident); Rogers, 215 S.W.2d at 352,
(holding no insurance coverage on day of auto accident when insured paid
renewal premium three days after accident).

Therefore, we overrule appellant=s first issue on
appeal.

C.      Alleged
Texas Administrative Code Violations

In his second issue, appellant asserts appellee violated
various sections of the Texas Administrative Code in its handling of appellant=s policy. 
Appellant did not raise this issue until his reply to appellee=s response to his
motion for judgment notwithstanding the verdict.  Assuming without deciding appellant
properly preserved his complaint on appeal, appellant=s second issue is also without merit.








Appellant is correct that Texas Administrative Code section
5.7005(c) provides  A[p]ersonal automobile policies which are
written for a period of less than one year must be renewed, at the option of
the insured, for additional periods so as to accumulate a minimum of 12 months= continuous
coverage.@  28 Tex. Admin. Code ' 5.7005(c)
(2008).  However, coverage can terminate if premium payments are not made to
renew the policy before the initial policy expires.  See Viking County
Mutual Ins., 1992 WL 211068, at *3 (concluding that even though policies
written for less than a year must be renewed at the option of the insured, a
policy terminates under its own terms if the insured does not timely pay the
renewal premium); Longoria v. Greyhound Lines, Inc., 699 S.W.2d 298, 304
(Tex. App.CSan Antonio 1985, no writ) (concluding policies
written for less than one year must be renewed unless premium payments are not
made before expiration of initial policy).  Here, appellee offered to renew
appellant=s six-month policy for an additional six months;
however, appellant exercised his option to not renew the policy by failing to
make a timely payment to renew the policy, thus ensuring continuous coverage
for a one year period of time.  Therefore, because the policy expired under its
own terms when appellant failed to timely remit his payment to renew his
policy, appellee did not violate section 5.7005(c) of the Texas Administrative
Code.    

Appellant also claims appellee violated section 5.7007 of
the Texas Administrative Code.  According to section 5.7007(a), A[a] policy must be
renewed at expiration, at the option of the policyholder, unless the company
has mailed written notice to the policyholder of its intention to decline renewal
at least 30 days in advance of the policy expiration date.@  28 Tex. Admin.
Code ' 5.7007(a). 
Appellee did not have an intention to decline renewal; in fact, appellee offered
to renew the policy, at the option of appellant, by sending appellant the
notice of renewal.  A notice of cancellation is not required when a policy
expires under its own terms.  See Zuniga, 693 S.W.2d at 738.  Because
appellant=s policy had expired under its own terms, we hold
appellee was not obligated to comply with the cancellation procedures found in
section 5.7007(a) of the Texas Administrative Code.








Appellant next contends appellee violated sections 5.7011
and 5.7014 of the Texas Administrative Code.  However, pursuant to section
5.7001(b), sections 5.7011 and 5.7014 apply to all automobile insurance
policies except personal automobile policies.  28 Tex. Admin. Code ' 5.7001(b).  Since
appellant=s policy was a personal automobile insurance policy,
sections 5.7011 and 5.7014 do not apply and appellee was not required to comply
with any procedures found therein.    

Appellant also contends appellee=s conduct violated
section 5.7004 of the Texas Administrative Code.  Section 5.7004 provides:

Any company that declines to recognize or put into effect additional
coverage to which an insured is entitled under the provisions of an existing
policy, or that attempts to reduce or restrict coverage under the provisions of
an existing policy by endorsements or by any other means, is in violation of
these sections if such acts are performed without the consent of the insured,
and shall be subject to the same penalties as a policy that is cancelled in
violation of these sections.

28
Tex. Admin. Code ' 5.7004.

Because appellant=s policy expired
under its own terms, appellee did not (1) impose a restriction or reduction on
his coverage; or (2) decline to recognize or put into effect additional
coverage.  See Zuniga, 693 S.W.2d at 738.  Therefore, we hold appellee
did not violate section 5.7004 and overrule appellant=s second issue on
appeal.   

                                                   III. 
Conclusion

Having overruled appellant=s issues on
appeal, we affirm the judgment of the trial court.

 

 

/s/      John S. Anderson

Justice

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore. (Seymore, J. dissenting
without opinion).









[1]  Appellant raised only the Administrative Code and 
has not based any assertion of error by the trial court on the provisions of
the Texas Insurance Code.  Therefore, we do not address what, if any, impact
the Insurance Code might have on the facts found in this case.  See Valadez
v. Avitia. 238 S.W.3d 843, 845 (Tex. App.CEl Paso 2007, no pet.) (holding that, in a civil case, an appellate
court has no duty, or even the right to perform an independent review of the
record and applicable law to determine whether there was error).