# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 30, 2026
Lyle W. Cayce
Clerk

No. 25-10533

H5R, L.L.C.,

*Plaintiff—Appellant*,

*versus*

Scottsdale Insurance Company,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-1197

_____

Before Richman, Engelhardt, and Wilson, *Circuit Judges*.
Per Curiam:[*]

Appellant H5R became the owner of a house in 2016. On December 18, 2018, H5R obtained an insurance policy on the house from appellee Scottsdale Insurance Company ("Scottsdale"). H5R renewed this policy annually for one-year policy periods through December 18, 2021. The policy covered "direct physical loss of or damage to Covered Property . . . caused

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10533

by or resulting from any Covered Cause of Loss."  "Covered Causes of Loss" included:

> 4. Windstorm or Hail, but not including:
>
>> a. Frost or cold weather;
>>
>> b. Ice (other than hail), snow or sleet, whether driven by wind or not;
>>
>> c. Loss or damage to the interior to any building or structure . . . caused by rain, snow, sand or dust, whether driven by wind or not, unless the building or structure first sustains wind or hail damage to its roof or walls through which the rain, snow, sand or dust enters, or;
>>
>> d. Loss or damage by hail to lawns, trees, shrubs or plants which are part of a vegetated roof.

The policy excluded "[r]upture or bursting of water pipes . . . unless caused by a Covered Cause of Loss" and "[l]eakage or discharge of water or steam from any part of a system or appliance containing water or steam . . . unless the leakage or discharge occurs because the system or appliance was damaged by a Covered Cause of Loss."  The policy covered only loss "commencing . . . [d]uring the policy period."

In April of 2021, H5R reported a claim for "[s]now and ice caus[ing] water to leak from roof, wall, floor through property, pipe burst underneath kitchen sink" with a loss date of February 15, 2021.  Scottsdale investigated the claim, concluding "[m]ultiple holes related to hail impact were observed in the roof tiles.  The damaged roof tiles predate the date of loss."  Scottsdale accordingly denied H5R's claim.

H5R filed suit in state court alleging breach of contract, bad faith, late payment, and deceptive insurance practices under Chapters 541 and 542 of

2

the Texas Insurance Code.  H5R's amended complaint alleged the breach of contract arose out of "an insurance contract [entered into] on or about December 17, 2020 in the form of a renewal of policy #CPS32115869." Scottsdale removed the case to federal court based on diversity jurisdiction. Scottsdale moved for summary judgment.

In response, H5R pointed to Scottsdale's expert report that concluded "the holes [in the roof] were consistent with impact from hail."  H5R further pointed to a weather report produced by Scottsdale and relied on by its expert, which indicated hail occurred at the location of the home in May 2011, April 2012, and March 2019.  H5R's response contained two evidentiary objections to Scottsdale's summary judgment evidence.

H5R produced as summary judgment evidence a sworn declaration of its representative averring that there was no damage to the roof prior to 2016. H5R included with that declaration copies of its 2018-19 and 2019-20 policies.  Finally, H5R also put forth an expert who testified during his deposition that the damage was caused by hail.

Scottsdale moved to strike H5R's expert due to failure to comply with disclosure rules.  The magistrate judge granted the motion to strike.  The magistrate judge concluded H5R's evidentiary objections should be overruled and Scottsdale's motion for summary judgment should be granted. The district court adopted the magistrate's recommendation and dismissed H5R's claims with prejudice.  H5R timely appealed.

## I

H5R first argues the district court abused its discretion in overruling its objections to the summary judgment evidence and sustaining Scottsdale's objection to its expert.  H5R contends that Scottsdale's expert's conclusion that it was more probable that hail damage to the roof occurred in 2011 should have been excluded.  "We review evidentiary rulings of the district court for

abuse of discretion."[1]    "If the district court abused its discretion, the harmless error doctrine applies, and the ruling will be reversed only if it affected the substantial rights of the complaining party."[2]

"Even if the [district] court abused its discretion, this court will presume the error is harmless.  The party asserting the error has the burden of proving that the error was prejudicial."[3]  H5R failed to argue in its brief that any error was harmful and affected its substantial rights.  The district court concluded that H5R had failed to offer evidence that the hail damage occurred during a policy period.  The district court did not conclude that the hail damage occurred in 2011.  H5R accordingly failed to carry its burden to prove prejudice.

H5R additionally contends that testimony of its witness Moore during his deposition that there was hail damage should have been admitted as expert testimony.  The district court concluded that H5R failed to designate Moore as an expert witness regarding whether or when hail damage occurred.  The district court did not abuse its discretion in excluding Moore's testimony that the roof had hail damage.  In any event, Moore testified that he could not say when the damage occurred and that it could have been in 2011, well before the policy at issue went into effect.

We therefore conclude that "even if the district court erred . . . , such error was harmless."[4]  We do not disturb the district court's evidentiary rulings.

_____

[1] *McIntosh v. Partridge*, 540 F.3d 315, 320 (5th Cir. 2008).

[2] *Nunez v. Allstate Ins. Co.*, 604 F.3d 840, 844 (5th Cir. 2010).

[3] *Ball v. LeBlanc*, 792 F.3d 584, 591 (5th Cir. 2015) (internal citation omitted).

[4] *Ratliff v. Aransas County*, 948 F.3d 281, 287 (5th Cir. 2020).

No. 25-10533

## II

H5R next challenges the district court's grant of summary judgment to Scottsdale on its breach of contract, bad faith, and Chapter 542 claims. We review "a district court's grant of summary judgment de novo."[5] "Summary judgment is proper where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[6]

## A

We first consider H5R's breach of contract claim. H5R argues summary judgment was improper because the weather report "states that ¾ inch hail occurred at the house as recently as March 24, 2019, [0].9 inch hail occurred within one mile of the house on May 18, 2019 and ¾ inch hail occurred within a mile of the house as recently as August 16, 2020." However, H5R's complaint alleged a breach of "an insurance contract [entered into] on or about December 17, 2020 in the form of a renewal of policy #CPS32115869." All of the hail events cited by H5R occurred before the relevant policy period.

H5R asserts the policy period to be considered is 2018-2021 because "the 2018 policy and 2019 renewal are included in the summary judgment evidence and discussed in H5R's Response [to Defendant's Motion for Summary Judgment] in support of H5R establishing the policy/renewal period." But under Texas law, "[i]t is the general rule that a renewal of a policy constitutes a separate and distinct contract for the period of time

---

[5] *Caldwell v. KHOU-TV*, 850 F.3d 237, 241 (5th Cir. 2017) (quoting *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011)).

[6] *Id.* (quoting FED. R. CIV. P. 56(a)).

covered by the renewal."[7]   Prior policy renewals were therefore separate contracts.  To assert that Scottsdale failed to pay for damage covered under these separate contracts is to assert that they are in breach of other contracts besides the one H5R pled in its complaint.  These other breach of contract claims are "claim[s] which [are] not raised in the complaint but, rather, [are] raised only in response to a motion for summary judgment," and therefore are "not properly before the court."[8]   H5R did not seek to amend its complaint to assert that its claim was covered by policies other than the one identified in its complaint.

Accordingly, we construe the relevant policy period as beginning in December of 2020.  Because H5R has not pointed to evidence suggesting hail occurred within that policy period, it has failed to demonstrate a genuine dispute of material fact as to whether covered damage occurred.  Summary judgment was therefore appropriate.

**B**

We turn to H5R's remaining claims.  Because these claims are predicated on the success of the breach of contract claim,[9] they fall alongside it.  Here, too, summary judgment was proper.

\*     \*     \*

---

[7] *Great Am. Indem. Co. v. State*, 229 S.W.2d 850, 853 (Tex. Civ. App.—Austin 1950, writ ref'd).

[8] *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005).

[9] *Shree Rama, LLC v. Mt. Hawley Ins. Co.*, No. 23-40123, 2023 WL 8643630, \*3 (5th Cir. Dec. 14, 2023) ("When the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive." (quoting *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010))); *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 518 (5th Cir. 2015) (noting that recovery under Chapter 542 requires showing "that the insurer is liable for the claim").

No. 25-10533

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment to Scottsdale.